## Rheinstrom, Appellant, *v.* Elk Brewing Company.

*Principal and agent—Sale—Authority of agent—Ratification.*

Where a dealer sends out an agent to make a sale and the latter takes an order, the dealer, if he accepts the order, and profits by it, is bound by the representations made by the agent.

*Sale—Contract—Rescission—Waiver.*

The purchaser of a defective machine will not be held to a prompt rescission, where he has been misled by the seller into believing that a prompt rescission would not be insisted upon.

Argued May 8, 1905.    Appeal, No. 263, April T., 1905, by plaintiff, from judgment of C. P. Armstrong Co., Dec. T., 1904, No. 176, on verdict for defendant in case of Abraham and Isaac Rheinstrom, trading as Rheinstrom Brothers, v. Elk Brewing Company.    Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit for goods sold and delivered.    Before PATTON, P. J.

At the trial the following offer was made :

Defendant's counsel propose to prove by the witness on the stand that he is the president of the defendant corporation ; that he knew only one party, to wit : Daniel Loeb, in the purchase of the beer filter ; that in so doing he expressed and stated to Daniel Loeb that he was utterly ignorant in regard to beer filters, and would rely entirely upon Mr. Loeb for the kind of filter to meet their requirements ; that Mr. Loeb visited the locus in quo, to wit : the Elk Brewing Company's plant, and examined the conditions existing there, and guaranteed that such a filter as he would furnish from his company, to wit : the plaintiff, would do the work required ; that, rely-

ing upon the strength of Mr. Loeb's proposition, but not agreeing as to the value or price asked by him for the filter, he, Loeb, referring Mr. Reese, the president of the Elk Brewing Company, to his principal, to wit : Rheinstrom Brothers, for a better price ; that the bargain was finally concluded on the strength of Mr. Loeb's representation and guarantee that the filter would do the work necessary under the conditions existing in the Elk Brewing Company's plant.   This for the purpose of showing that the plaintiff did not comply with the representations made and guaranteed as an incentive to closing the contract.   And further, propose to show that the filter upon a fair trial proved to be unsatisfactory, and further, to be followed by proof that the plaintiff from time to time sent their representatives here to endeavor to make the filter do the work guaranteed, and that it failed ; and, further, that the filter is now at the disposal of the plaintiff and subject to their order.

Plaintiff's counsel object to the offer as incompetent and irrelevant, it not being proposed to show that the representative of Rheinstrom Brothers, the plaintiff, had any authority to make the guarantee proposed to be proved, and further object to the offer in that it is not proposed to show that Daniel Loeb was the agent of Rheinstrom Brothers, or that he had authority to make such representations or guarantee as would bind the plaintiff as set forth in the offer.

The Court : It seems to me that where the plaintiff company accepts the benefit of the acts of an agent, they must take it cum onere, they are bound by his declarations.   For the present the objection is overruled, the offer admitted and a bill of exceptions is sealed to the plaintiff.  [1]

The following letter was offered in evidence and admitted.

" KITTANNING, PA., May 21, 1904.

" RHEINSTROM BROS.,

" Mr. Dan. Lobe, Representative,

" Cincinnati, Ohio.

" Gentlemen.

Since my visit to Pgh. with your Mr. Loeb, we have been made a very favorable offer from one of the other Filter Cos. The writer would prefer to place our order with you but your price is too high.   I now find your No. 1 Filter is too small

for our requirements, and it will be necessary for us to use one as large as your number two.   If you will accept $1,200.00 and our old Filter in exchange for your number two complete, kindly wire us upon receipt of this letter and we will send you our order by return mail.   Awaiting your reply we are

> " Yours very truly,
> (Signed) Elk Brewing Co.
> " Geo. W. Reese, Pres't."

The court charged in part as follows :

[There is some contention here and some evidence as to whether or not Mr. Loeb had the power and authority to represent the plaintiff.   Ordinarily and the general rule is that the declaration of an agent, as to his powers and authority, are not binding upon his principal.   But there is an exception to that rule, that is, where a party sends out an agent, and he makes a contract and the principal fills that contract, where he gets the profits of that contract, where he receives the benefit of what the agent does, then he cannot repudiate the agent's authority.   So in this case Mr. Loeb testifies that he had no authority to guarantee this filter.   But if he came here, being the agent of the plaintiff and representing them, and by reason of the contract he made with Mr. Reese, the plaintiff got the benefit of it and realized the fruits of it, they cannot now repudiate his authority.] [3]

[The testimony shows that the defendant corporation used this filter up until February, 1905, after this suit was brought and after the case was on the trial list.   Ordinarily, when they did that they would have to pay for the filter, but in this case we submit that question to you.   That is, was the defendant misled by the letters and the conduct of the plaintiff into believing that the plaintiff would not insist upon a prompt rescission of the contract.   Ordinarily, when the filter was found defective it was the duty of the defendant to immediately rescind the contract and take the filter out of use and refuse to use it.   But in this case there has been read in your hearing some letters wherein, when the defendant corporation was complaining about this filter not being right, the plaintiff asked it to suspend judgment and not to throw it out too quick, and that they would send a man.   The testimony shows that they

522   RHEINSTROM, Appellant, *v.* ELK BREWING CO.

Statement of Facts—Opinion of the Court. [28 Pa. Superior Ct.

did send three different men, and that they sent one man three different times, and that the last time he was here was on October 26, 1904. Now, gentlemen, did this conduct on the part of the plaintiff lull the defendant to sleep? Did it make the defendant believe that the plaintiff would not insist upon a strict compliance with this contract? Unless you believe that this defendant was misled and lulled to sleep by this conduct of the plaintiff, because the defendant had no right to use the filter after it repudiated the contract, unless they were misled and lulled to sleep by reason of the conduct and letters of the plaintiff.] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions ; (3, 4) portion of charge as above, quoting them ; and (5) answer to plaintiff's point quoted in the opinion of the Superior Court.

*R. L. Ralston*, with him *Calvin Rayburn*, for appellant.

*C. E. Harrington* and *M. F. Leason*, for appellee.

OPINION BY BEAVER, J., July 13, 1905 :

Plaintiffs sought to recover in the court below the value of a beer filter, as to the terms of the sale of which there was conflicting testimony, the plaintiffs alleging that the sale was absolute, without conditions, for a fixed price ; the defendant alleging that the filter was warranted by the agent who made the sale to do the work to the satisfaction of the president of the defendant company.

Plaintiffs rely upon a written contract, namely, a letter of the defendant making an offer which was accepted by the plaintiffs. The appellants fail to print this letter—presumably inadvertently—but, inasmuch as the appellee prints it in his paper-book, we are able to determine the effect of it without difficulty. The letter is addressed to Rheinstrom Bros.— Mr. Dan. Loeb representative—in which a " visit to Pittsburg, with your Mr. Loeb " is referred to, the price being the essential thing referred to in the letter.

Under these circumstances, the defendant's offer, the admission of which constitutes the first assignment of error, was

properly admitted. This offer was corroborative and not contradictory of the defendant's letter. That the terms of such a contract can be shown by parol is too well settled to require the citation of authority.

The testimony having been admitted and submitted to the jury and its finding as to all the essential facts being for the defendant, we see no error in the instructions of the court complained of in the second, third and fourth assignments of error.

Under the circumstances, as developed in the testimony, we see no error in the refusal of the court to affirm the plaintiffs' first point, without qualification, as set forth in the fifth assignment, the point being : " First. The undisputed evidence being that the filter was purchased by and delivered to the defendant company in June, 1904, and was used by it in the manufacture of its beer until February, 1905, three months after suit was brought ; when the first offer was made by the defendant company to rescind the contract, said offer to rescind the contract came too late, and the defendant is bound to pay the value of said filter at the time of the sale to the plaintiff." *Answer :* Affirmed, if the jury find the contract to be as stated by Daniel Loeb ; but, if you find the contract to be as stated by George W. Reese, we submit to you the letters offered in evidence and the *other* evidence in the case, and if you find that the acts and declarations of the plaintiff misled the defendant in believing that they, the plaintiffs, would not insist upon a prompt rescission of the contract, and by reason thereof they used the filter as late as February, 1905, it will not prevent a verdict in favor of the defendant." In view of the further fact that the plaintiffs sent different representatives, at different times, to repair the filter and to endeavor to adjust it so that it would do the work satisfactorily, even after suit was brought, and further requested the defendant, in writing, to " suspend judgment," the refusal of the court to affirm this point without qualification was entirely justified.

Taking the case as a whole, we see no error in the manner in which it was submitted to the jury. The law of the case is correctly stated, the essential contention of the appellants being as to the facts which have been found by the jury against them upon competent and relevant evidence.

Judgment affirmed.