W. E. WEARS and J. R. MOFFETT, doing business under the firm name of WEARS & MOFFETT, Appellants, v. I. WEISBERG, doing business under the firm name of WEISBERG & COMPANY, Respondent.

Kansas City Court of Appeals, April 29, 1912.

1. **PRACTICE, APPELLATE: New Trial.** Although the grounds specified in an order of a trial court sustaining a motion for a new trial, may not justify the order, the appellate court will sustain the order, if other grounds, appearing in the record and presented by respondent, do justify the action of the trial court.

2. ———: ———: Inconsistent Grounds. The trial court sustained a motion for a new trial for two reasons, first, that the verdict was against the weight of the evidence and, second, that the court erred in not peremptorily directing a verdict. *Held*, that the two reasons assigned are inconsistent and that only the latter reason will be considered on appeal.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. M. Jeffries* for appellants.

(1) Where the court gives two reasons, as in this case, for its actions in granting a new trial and those reasons are: 1st. Because the court erred in not giv-

ing the instruction, in the nature of a demurrer offered at the close of all the evidence, and 2nd, because the verdict is against the weight of the evidence, the one that the court erred in not giving the instruction in the nature of a demurrer offered at the close of all the evidence, is the real reason and it means the court gave the new trial for the reason there is no evidence in the case to support the verdict. It is reviewable by the appellate tribunal. Crawford v. Stock Yards, 215 Mo. 394. (2) It is not necessary for the bill of lading shippers order to be indorsed to permit a good, valid and binding transfer of the same. A transfer of such by delivery although not indorsed gives the transferee a right to the goods. Allen v. Williams, 12 Pick. 297; Bank v. Dearborn, 115 Mass. 219; Bank v. Crocker, 111 Mass. 163; Scharff v. Meyer, 133 Mo. 448. (3) The words "not negotiable" on a bill of lading does not destroy its negotiability and even in such condition it is transferable by delivery, and passes title to the property as well as right to possession. Bank v. Railroad, 62 Mo. App. 531; Bank v. Railroad, 42 Mo. App. 284; Dymack v. Railroad, 54 Mo. App. 400; Scharff v. Meyer, 133 Mo. 448.

*M. J. Lilly* and *W. P. Cave* for respondent.

(1) The statute does not limit the number of new trials the court may grant either party on account of errors committed in giving or refusing instructions, or in admitting or rejecting evidence, or if the jury misbehaves, or errs in matters of law. Langston v. Railroad, 147 Mo. 457; State ex rel. v. Edwards, 36 Mo. App. 425; State ex rel. v. Horner, 86 Mo. 71; State v. Edwards, 35 Mo. App. 680. (2) R. S. 1909, secs. 11956, 11957, make such bills of lading negotiable instruments and provide that they may be transferred by indorsement in writing thereon and the delivery thereof so indorsed. The transfer of negotiable paper

payable to order, by delivery without indorsement, operates only as an equitable transfer and does not convey the full legal title, and a holder of such paper is not a *bona fide* holder for value without notice of any equities or infirmities that might exist relative to such paper; in other words such transfer by delivery without indorsement renders such paper non-negotiable. Weber v. Orten, 91 Mo. 677; Patterson v. Cave, 61 Mo. 439. (3) The action of the trial court in setting aside the verdict was proper, for either of two reasons: First, because the jury erred in ignoring the instructions of the court in returning verdict for the plaintiffs. Second, because upon the undisputed facts in the case, plaintiffs had failed to carry out the terms of the contract of sale on their part. (4) The judgment in this case should be affirmed for failure to comply with rules of this court and particularly with Rule 17, as appellants' brief nowhere contains any assignment of errors. A judgment will be affirmed where the appellant omits to assign errors. Clark v. Estees, 55 Mo. 253; James v. Bishop, 58 Mo. 555; Foster v. Trimble, 18 Mo. App. 394; Isaac v. Lumber Co., 47 Mo. App. 30.

JOHNSON, J.—Action to recover damages for breach of a contract of sale of personal property. The first trial resulted in a verdict for plaintiffs which the court set aside on defendant's motion for a new trial on the ground of errors in the instructions to the jury. Plaintiffs appealed and we affirmed the judgment granting a new trial. [152 Mo. App. 276.]

A second trial ended in a verdict for plaintiffs and again the court granted a new trial. In substance the reasons stated in the order are, first, that the verdict is against the weight of the evidence and, second, that the court erred in not peremptorily directing the jury to return a verdict for defendant. Plaintiffs appealed and contend that the two reasons assigned for

the order are so inconsistent they cannot stand to-
gether and that we must regard the order granting
the new trial as containing but the single ground that
the verdict is unsupported by any evidence and en-
tirely ignore the other ground.

The rule is well settled that though the grounds
specified in the order of the trial court sustaining the
motion for a new trial may not justify the order, still,
if other grounds appearing in the record and pre-
sented by the respondent do justify the order, the ap-
pellate court will sustain the action of the trial court
in granting the new trial. ''But in such case the bur-
den is on the respondent to discover and point out to
the appellate court such other error.'' [Crawford
v. Stock Yards Co., 215 Mo. l. c. 402; Miller v. Mad-
ison Car Co., 130 Mo. 517.] In the present case re-
spondent has not pointed out any other error than
those assigned in the order, and consequently, our in-
quiry is confined to the question of whether or not the
new trial properly could be allowed on the grounds
specified.

Should we find that one of the proper grounds
specified in the order is that the verdict is against the
weight of the evidence we would not hesitate in affirm-
ing the judgment. Under our code the granting of
a new trial on this ground is a matter peculiarly within
the province of the trial court ''and in a case fairly
falling within that province the discretion of the trial
court would not be reviewed. That is to say, we will
not weigh the evidence pro and con to find on which
side is the greater weight, because the trial court has
done that and on that point we will defer to its judg-
ment.'' [Crawford v. Stock Yards Co., supra.] The
evidence before us presents a substantial conflict.
There is room for the belief that the contentions of
defendant are supported by the greater weight of the
evidence and in such state of the record we could not
say that the trial court abused its discretion in grant-

ing a new trial on the ground under consideration. But had the trial court the right to incorporate that ground in an order which specified as another ground that the verdict is entirely unsupported by substantial evidence?

If this were a question of first impression, the writer would say there is no inconsistency between these two grounds, that one is not contradictory of the other and, therefore, that they might co-operate to produce the single conclusion that the verdict being unjust should be set aside.

The term "to weigh evidence" is but a figure of speech. Evidence is not ponderable and the metaphor refers to the analysis of evidence for the purpose of ascertaining its probative value. A judicial analysis of the evidence introduced by one of the parties to an action may disclose that such evidence is too weak in probative strength to offer substantial support of the ultimate fact to which it is addressed or that it does possess such strength but is too weak to cope with the evidence offered in opposition to it. What inconsistency is there in the position of the trial judge who after careful analysis of the evidence of the plaintiff would say: "I find the evidence is not strong enough to raise an issue for the jury to determine but if it has so much strength, still it is too weak to stand against the adversary proof."

But we find the question is not open to discussion. The Supreme Court in Crawford v. Stock Yards, supra, hold there is an inherent inconsistency between the two grounds. We quote from the opinion:

"The theory on which deference is paid to the judgment of the trial judge on the weight of the evidence is that he had a better opportunity than anyone else to weigh the evidence and that he did weigh it. But if, in the opinion of the trial judge, there was no evidence at all, there was nothing for him to weigh and therefore he weighed nothing. How then can a court

in one breath say there was no evidence at all and in the next breath say it weighed the evidence and found it lacking in credibility or ponderance? When we reflect on the difference, as viewed from the standpoint of the appellate court, between saying on the one hand there was no evidence and on the other that the evidence was not sufficient in weight or credibility, we see how unjust it would be to a party, a verdict in whose favor had been set aside, if the ruling of the trial court had really been based on its opinion that there was no evidence, yet the ruling be sustained by the appellate court on the ground that it was based on evidence which the trial court reviewed and found deficient in weight or credibility. In that case, by a mere form of words the appellant would be deprived of his right to have the appellate court pass on the question of whether or not there was any evidence. The assignment of a reason for sustaining a motion for a new trial is not a mere form and a party should not be deprived of his right to have the appellate court review the ruling by the using of an incorrect form of expression. Here the court has said there was nothing to weigh and nothing weighed.''

Following this decision we must hold that since the trial court could not have weighed the evidence, it did not weigh it and therefore the recital in the order that the evidence of plaintiffs was weighed and found wanting must be disregarded and, consequently, that the order granting the new trial cannot be sustained on the ground of the verdict being against the weight of the evidence but must rest on the exclusive ground that there is no evidence supporting the verdict.

The record before us does not differ essentially from that we considered on the former appeal. We then thought and in substance so expressed ourselves in the opinion, that the evidence of plaintiffs was substantial enough to carry issues of fact to the jury. We

perceive no reason for changing that view. The evidence, of plaintiffs shows that the acts of which defendant complains and which prompted him to refuse to pay the drafts issued by his agent were performed by plaintiffs under the direction and supervision of the agent. The whole trouble originated in the unbusinesslike conduct, of the agent who drew drafts in favor of plaintiffs in payment of the purchase price of the wool, delivered them to plaintiffs and assisted in putting them in the course of collection without sufficiently safeguarding the interests of his principal. But in all these things he appeared to be acting within the scope of his authority and bound his principal who, so far as plaintiffs were concerned, had no right to repudiate his acts no matter if they were unbusiness like. In fine, the evidence of plaintiffs tends to show that defendant breached the contract of sale to their injury and by so doing gave them a cause of action for the resultant damages. With such evidence before him the trial judge did not err in submitting the case to the jury, but did err in granting a new trial on the ground that he should, have sustained a demurrer to the evidence. It follows that the judgment must be reversed and the cause remanded with directions to set aside the order granting a new trial and to enter judgment on the verdict.

It is so ordered. All concur.