# Randal *v.* Mitchell Motor Car Co., Appellant.

*Contract—Sale—Rescission—Demand—Suit.*

1. One who requests another to act or not to act, cannot punish that other for complying with the request.

2. Hence a defendant cannot complain of a plaintiff's failure to promptly rescind a contract, and return the article received, if the delay is due entirely to defendant's request.

3. Bringing suit is ordinarily a sufficient demand for payment of money due.

4. The purchaser of an article sold, under an agreement that it may be returned if not satisfactory, has the right to return it if his objections are made in good faith and not capriciously.

5. If the objections are made in good faith and not capriciously they will be sustained even though in the opinion of the court and jury they are not reasonable.

Argued Jan. 10, 1919. Appeal, No. 53, Jan. T., 1919, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1917, No. 5268, on verdict for plaintiff in case of Harry L. Randal v. Mitchell Motor Car

Company.   Before BROWN, C. J., STEWART, MOSCH-
ZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.
Affirmed.

Assumpsit to recover back purchase price paid for an
automobile.   Before SHOEMAKER, J.

Verdict and judgment for plaintiff for $2,128.72.   De-
fendant appealed.

*Errors assigned* were instructions referred to in opin-
ion of Supreme Court and refusal of motion for judg-
ment for defendant n. o. v.

*Horace M. Rumsey,* for appellant.—It was the duty of
plaintiff to rescind the contract promptly, and if he
failed to do so he cannot recover: Spiegelberg v. Karr,
24 Pa. Superior Ct. 339; Armour v. Beaver Valley Pro-
duce Co., 28 Pa. Superior Ct. 524; Zeller v. Haupt, 41
Pa. Superior Ct. 647; Chas. E. Hires Co. v. Stromeyer,
65 Pa. Superior Ct. 241.

*Harvey Gourley,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, February 3, 1919:

Plaintiff sued defendant to recover back the purchase
price of an automobile which he had bought from de-
fendant, under an agreement that if it was not satis-
factory it might be returned and the money would be re-
funded, and which he returned because it was not satis-
factory.   The verdict and judgment were for plaintiff,
and defendant prosecutes this appeal.

It appears from plaintiff's evidence, which the jury
found to be true, that when he contracted to purchase
the automobile, it was agreed that if it was not satis-
factory to him he could return it, and defendant would
either give him another one or refund the money;
and, if he took a new one under that arrangement, and
it was not satisfactory also, defendant would refund

all he had paid. The first automobile he received was not satisfactory, and he returned it to defendant, receiving a more expensive one, and paying defendant the difference in the purchase-price, defendant then again agreeing to refund the whole amount if the new one was not satisfactory. Plaintiff claimed it was not satisfactory, and that he was compelled, in the course of some three months, to send the car back to defendant's shop some twenty or twenty-five times for adjustment, repairs and changes. He repeatedly offered to return it, but was requested not to do so, but to allow defendant to try to remedy the defects. Finally defendant's manager fixed a time and place to further discuss the matter with plaintiff; but the manager did not keep his appointment, whereupon plaintiff promptly returned the automobile and brought this suit to recover the amount paid.

The first four assignments of error complain that the trial judge refused certain points for charge, to the effect that plaintiff was obliged to return the automobile promptly after his discovery that it was not satisfactory. The reason for declining those points was "because the plaintiff testified that he retained the machine at the solicitation of defendants, in order to allow them to make it satisfactory." Plaintiff so testified, and the jury so found; and hence the question to be decided is: Is the reason a valid one in law? Defendant's contention upon the point is well expressed in the argument of its counsel, as follows: "We submit: under the law of rescission, the purchaser is not permitted to excuse delay by urging that he was lulled into acquiescence under any score or for any reason. If he waits, he fails to act promptly, and thus elects not to rescind, for if he would rescind he must do so promptly, and his failure, for any reason, is in the teeth of the duty and necessity thrust upon him to so act, by the law." This statement is neither good law nor good morals, so far as relates to a delay, as here, at the request of defendant. It was con-

sidered and decided to be erroneous in Rheinstrom v. Elk Brewing Company, 28 Pa. Superior Ct. 619, and the reasoning of that case meets with our approval. One who requests another to act or not to act, cannot punish that other for complying with the request.

The other assignments of error relate to the refusal of the court below (1) to instruct the jury to find a verdict for defendant, and (2) to enter judgment non obstante veredicto in favor of defendant. They were argued with, and as dependent upon, the proposition above considered and decided; the only other point suggested being that plaintiff never demanded repayment before bringing suit. It was not necessary so to do, for the suit itself was a sufficient demand.

The court below, instead of erring against defendant, erred in its favor. On the question as to whether the automobile was satisfactory, the trial judge charged the jury that plaintiff must have "some reasonable objection that would make him dissatisfied with it," and, if the defects in the machine were "such as could be remedied by some ordinary adjustment which defendants testified they were willing to make," the refusal to keep it would not be reasonable. In all our cases, from Singerly v. Thayer, 108 Pa. 291, to Williams v. Notopolos, 259 Pa. 469, it has been uniformly held that such objections need only be made in good faith, and not merely capriciously, in order to justify the returning of an article because it violates a contract that it shall be satisfactory.

The judgment is affirmed.