grounds in which the statute permits an appeal. Judgment affirmed.

Attorneys—E. B. Stanton, for Ind. Com; R. G. Curren, for Schwab; both of Cleveland.

## No. 113

### STATE ex. v. CALDWELL

Ohio Appeals, 6th Dist., Lucas Co.
No. 1477. Decided Jan. 19, 1925

677. JUDGMENT—For personal injury of employee not collectible as against receiver of company, when no assets of such company remain.

YOUNG, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

James Caldwell was appointed receiver of the American Refrigeration Mfg. Co. by the Lucas Common Pleas, in June 1920; and executed as principal a receiver's undertaking for $10,000 with a Surety Co., this action being approved by the Court Clerk. Joseph Hanson obtained a judgment in Common Pleas against Caldwell for $2227.93.

The finding of the Court show that the Industrial Commission of Ohio awarded to Hanson, $1485.29 for injuries received while in the employ of the Mfg. Co. Caldwell was notified of such award and at institution of this suit had not yet been paid, or any portion of it. Hanson alleges that $2227.93 is a preferred claim he has against all the assets of the Mfg. Co. and is a lien prior to all other claims, and the court decreed so in its verdict.

Caldwell answered to the effect that he published a notice in a newspaper of general circulation where the plant of the company was located, stating, that he had been appointed the receiver and required all claimants to file any claim they might have against the Refrigeration Co. in thirty days from date of publication. Hanson did not file his claim within that time, and Caldwell had no notice of his rights. He also alleges that he had paid out claims with the assets of the company to parties entitled thereto, such assets now being out of his control and not subject to the payment of the award of the Ind. Comm. of Ohio.

Caldwell further avers that Hanson has no claim against him personally, but against the Mfg. Co. for personal injuries sustained; and the Common Pleas in directing a judgment intended that it should be collected out of the Mfg. Co.'s assets, if any. The Court of Appeals held:

The granting of a personal judgment against Caldwell would have been error, for the only order that could have been directed to him, would be for the payment of monies out of the assets of the Mfg. Co. The lower court was not in error in directing a verdict for Caldwell.

Attorneys—James H. Boyd, for plaintiff; Marshall & Fraser and Garrison & Phillips, for defendants; all of Toledo.

## No. 114

### LIGGETT BROS. COAL CO. v. PAYNE

Ohio Appeals, 1st. Dist., Butler Co.
No. 215. Decided Nov. 26, 1923

173. BREACH OF WARRANTY—What constitutes—When actionable—A question of fact for jury.

CUSHING, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

This action was prosecuted in the Municipal Court by the Liggett Bros. Coal Co., against Jessie Payne, on an account in the short form for $202. The answer was a general denial and Mrs. Payne by way of cross-petition, counterclaimed for a breach of warranty on seven cars of coal that she purchased as cannel coal, at $7.50 a ton, and claimed that by reason of the breach of warranty, she was damaged in the sum of $1000.

The coal was purchased in Nov. 1920 and delivered to her yard, and she began selling it the latter part of December. Soon after, customers rejected and returned it, and on burning some, Mrs. Payne found that the outer surface would burn, but not the inner bulk. She called the office of the Coal Co. Jan. 12, and sometime thereafter, but she did not see them until Feb. 1921. Judgment in the Common Pleas was for Payne.

The questions for the Court of Appeals to determine were:

1. Whether Payne notified the Coal Co. of the breach of warranty within a reasonable time after it became known.

2. The Coal Co. claims that it is a question of law for the court while Payne contends that it is one of fact for the jury. (The Common Pleas Court had submitted it to a jury.)

3. The Coal Co. also contended that Payne had paid most of the price of the coal and could therefore, not recover on breach of warranty, citing Mfg. Co. v. Maitland, 92 OS. 201.

The Court of Appeals held:

The above case, 92 OS. 201, does not support contention of Coal Co. for in that case a complete settlement had been made.

Judgment of the trial court was affirmed on the ground that the question as to time was one of fact, and dependent upon determination of the jury.

Attorneys—Shank & Shank, for Coal Co.; P. P. Boli, for Payne; all of Hamilton.