.[Civil No. 2239.   Filed February 17, 1925.]

[233 Pac. 57.]

## THE ELKUS COMPANY, a Corporation, Appellant, v. MRS. LOUIS VOECKEL and LOUIS VOECKEL, Her Husband, Appellees.

1. SALES — ALLEGATION THAT BUYER NOTIFIED SELLER OF BREACH OF WARRANTY AS SOON AS HE KNEW THEREOF, SUFFICIENT.—In action by seller of shoes, defense being breach of warranty that goods were merchantable, answer that buyer notified seller of breach as soon as he knew that shoes were not as represented by return thereof by his customers, *held* sufficient, under Civil Code of 1913, paragraphs 5203, 5204, providing that notice of breach must be within reasonable time after buyer knew, or should have known, of it.

2. WITNESSES—HUSBAND COMPETENT TO TESTIFY CONCERNING BUSINESS WHICH WAS IN WIFE'S NAME.—Husband, who ran business in wife's name, ordered goods sued on, and wrote number of letters complaining of them, *held* competent to testify, without first showing that he was wife's agent and had authority to run her business.

3. SALES—PLEA HELD SUFFICIENT TO SUPPORT EVIDENCE AS TO DAMAGE TO BUSINESS.—Plea of loss to business in sum of $300, as result of sale to defendants of boots and shoes that were not as represented, *held* sufficient to support evidence as to damage to business, especially where no objection to lack of definiteness was made.

4. SALES—EVIDENCE SUFFICIENT TO SHOW DAMAGE TO BUSINESS. — In action by seller of shoes, where defense was breach of warranty and damage to business thereby, evidence as to loss of business *held* sufficient to show damage, though only four pairs of shoes were actually returned and seller made those good.

See (1) 35 Cyc., p. 451.   (2) 40 Cyc., p. 2225.   (3) 35 Cyc., p. 455.   (4) 35 Cyc., p. 465.

APPEAL from a judgment of the Superior Court of the County of Graham.   W. R. Chambers, Judge. Affirmed.

4.  See 24 R. C. L. 260.

Mr. W. K. Dial, for Appellant.

Mr. E. L. Spriggs, for Appellees.

McALISTER, C. J.—This is an action by the Elkus Company, a corporation, against Mrs. Louis Voeckel and Louis Voeckel, her husband, for goods sold and delivered.

The complaint contains two causes of action. The first seeks to recover $118.64 for goods sold by the appellant itself, and the second $116.02 for goods sold by Buckingham & Hecht, the claim for which was assigned and transferred to the plaintiff. The latter prevailed in the first cause of action, but lost in the second, and it is from this judgment the appeal is prosecuted.

Following a general demurrer and a general denial, the answer alleges by way of cross-complaint that appellees were engaged in the general mercantile business and that appellant, which was a wholesaler, sold them a large number of boots and shoes by displaying samples thereof and representing that those offered for sale were the same as the samples, merchantable, and in every way fit and proper for appellees' retail trade; that, relying upon the representations and guaranty of appellant's salesman as to the fitness and quality of the said boots and shoes, appellees purchased a large number of them, placed them upon the shelves of their store at Ft. Thomas, Arizona, offered them for sale to the public and sold some of them, but that thereafter many of those sold were returned by the purchasers as worthless and not as represented, the amount paid therefor being returned in each instance by appellees; that said boots and shoes were not as represented by appellant nor of the same fitness and quality as the samples from which they were purchased; and that, by reason of this fact,

appellees lost more than $300 upon the sales of boots and shoes made by them. It is further alleged that as soon as it became known to appellees, through a return of those sold to certain of their customers, that appellant had breached its warranty, appellees gave full and detailed notice to appellant of the unfitness of said articles for appellees' trade, and of the fact that they were not as represented by the agent of appellant.

A demurrer to the answer was interposed, but overruled, and the order of the court in this respect is the first error assigned. It is contended that the demurrer should have been sustained because it appears from the invoices, which are attached to the complaint as exhibits, that the goods were shipped to appellees during the months of September, October and December, 1920, and January, February and March, 1921, and that appellant made no complaint whatever until after suit was filed in October, 1921. Nowhere in the answer, however, does the date upon which the notice was given appear, but the allegation, that as soon as appellees knew, through a return of some of the shoes by certain of their customers that the seller's warranty had been breached and the boots and shoes were not as represented, they gave appellant full notice thereof sufficiently satisfies paragraphs 5203 and 5204, Civil Code of 1913, providing that a failure to give notice of a breach of warranty within a reasonable time after the buyer knows or should have known of the breach relieves the seller of liability therefor. Hence, the answer is not obnoxious to a general demurrer urged upon the ground that it does not allege notice within a reasonable time after the breach.

Permitting Louis Voeckel, husband of Mrs. Louis Voeckel, in whose name the business was carried on, to testify without first showing that he was her agent and had authority to run the business, is

assigned as error. It is true the business was carried on in the name of Mrs. Louis Voeckel, but no objection to her husband's testifying was made by appellant at the time, and, if there had been, it would have been error to have sustained it because it is perfectly clear from the testimony that he ran the business, that he ordered the goods in question and wrote appellant, or rather its assignor, Buckingham & Hecht, a number of letters complaining of them. We can conceive of no theory upon which it could be urged that it was error to allow him to testify.

The assignment that the court erred in permitting any testimony relative to damage to the business of appellees is without merit. The allegation that their business suffered loss in the sum of $300, as the result of the sale to them of boots and shoes that were not as represented, is not very definite, but, in view of the fact that no objection to it in any form was raised, it was a sufficient basis for testimony relative thereto.

It appears that appellees returned several pairs of shoes for which the seller allowed them $3.25 each, though they had been invoiced to appellees for $3.75. Complaint was made of shoes other than these, but Buckingham & Hecht refused to take them back or allow anything on them, though they admitted that some time previous thereto they had had difficulty with "some of our shoes ripping that we thought we traced to a bad lot of thread shipped us." The testimony shows further that previous to the purchase of the boots and shoes in question by appellees they had not been in that business; that customers other than those who returned their shoes complained of those they had bought, but did not return them; and that because the shoes sold were of such poor quality it "killed" appellees' shoe

trade in that vicinity and left them with a number of boots and shoes on hand which they were unable to sell. Such being the testimony, we can see no merit in the assignment that the "court erred in allowing any damage at all, as the evidence showed that complaint was only made to four pairs of shoes returned and that plaintiff made these good."

A discussion of the other assignments is unnecessary, inasmuch as they raise in a different way the questions just considered. The motion for a new trial, which is the basis of the last assignment, presented these same matters and none other to the trial court, hence there was no error in the order overruling it.

The judgment is affirmed.

ROSS and LOCKWOOD, JJ., concur.