Aaron Bodek & Son, Appellant, *v.* Avrach.

Argued April 23, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

226

[REDACTED]

*Harry Shapiro,* for appellant.—Under the circum-stances, notice was given in sufficient time: Crunden Martin Mfg. Co. v. Turner, 274 Pa. 425; Wright v. Carbonic Co., 271 Pa. 332.

*Alfred T. Steinmetz,* for appellee.—Vendee failed to give notice of alleged breach of warranty within a reasonable time under section 49 of Sales Act, May 19, 1915, P. L. 543: Wright v. Carbonic Co., 271 Pa. 332; Tegen v. Chapin, 176 Wis. 410; Beaunit Mills v. Burnstein, 92 Pa. Superior Ct. 206; Albus v. Toomey, 273 Pa. 303; Field v. Schuster, 26 Pa. Superior Ct. 82; Lonker v. Cohen, 78 Pa. Superior Ct. 73.

OPINION BY MR. JUSTICE SCHAFFER, May 20, 1929:

This is an action by vendees of merchandise to recover from their vendors (the goods having been retained and subsequently sold by the vendees) the difference between the price paid and the alleged market value, plaintiffs claiming that the goods were not of the kind agreed to be sold. The trial resulted in a verdict in plaintiffs' favor for $5,106.22. The court subsequently entered judgment for defendants non obstante veredicto and plaintiffs have appealed.

Defendants had bought at auction from the United States government 3,825 used army blankets. They were known as class B blankets, and are in better condition than those known as class C, and more valuable. They were packed in bales, twenty to a bale, and were on the floor of defendants' place of business when plaintiffs called to negotiate for their purchase, and were in the same condition as when defendants received them from the government, strapped around with iron strips with the government seals on. Plaintiffs' representative requested that a number of the bales should be opened for his inspection, which was done, just how many is disputed. The opening of none was refused and apparently he was satisfied with those he had seen, made no request for more to be exhibited and asked the price, which was named by defendants, whereupon he said if he were shown the bill of the government he would pay for them an advance of twenty cents a blanket. This offer was accepted and the price fixed at $2.35, the government price having been $2.15. Defendants had bought the blankets from the government as class B and in their negotiations both the present parties treated them as such. Immediately following their purchase some of them were delivered to plaintiffs, and some were shipped direct by defendants to others in accordance with the former's instructions. All of them were sold by plaintiffs without inspection. The purchasers from plaintiffs refused to accept and returned the blankets to them. Two years after their purchase, plaintiffs brought this action to recover damages for the breach of the alleged warranty as to quality, alleging that the blankets were not class B but class C.

If the question had to be decided, we are not now prepared to say under the facts as outlined we would not hold that plaintiffs could not maintain their action, that they had not made an outright purchase of the goods after such inspection as they desired to make, with as much knowledge about the blankets as defendants had,

for the latter had not examined them,—they were still in the bales as made up by the government with its seals unbroken. What in effect defendants said was, "These were sold by the government to us as class B blankets" and plaintiffs knowing the situation agreed to take them at an advance over the government's price to defendants, which was made known to them. This is quite a different situation from one in which defendants, after examination had on their own account, with full knowledge, warranted them as class B or had done so concealing information from the purchasers, and partakes of the nature of an executed sale where the rule of caveat emptor applies: Fogel v. Brubaker, 122 Pa. 7, 14. We need not, however, determine the case on this ground, as there are other controlling principles on which it was tried and disposed of in the court below and which prevent recovery. We will let the, as usual, succinct opinion of the able trial judge summarize it: "Assuming there was a warranty that the goods were class B goods and in point of fact defendants did not deliver such blankets, the actual delivery took place on April 4, 1923. Within ten or fifteen days plaintiffs had shipped the goods away to customers without examination. One of the plaintiffs testified that the goods were returned to them by their customers forty or fifty days afterwards. The goods were therefore back in plaintiffs' warehouse sometime between the middle and the end of the month of May. No examination was made at that time. Sometime about the middle of July plaintiffs called defendants on the telephone and asked them to come over to the plaintiffs' place of business and examine the blankets, which defendants refused to do. On August 1st plaintiffs wrote defendants to the effect that they were paying one of the trade acceptances given at the time of the sale and reserved to themselves the right to bring suit against defendants in the future for breach of contract. No further communications took place between the parties and, as stated, the goods were disposed of by plaintiffs.

Section 49 of the Sales Act of May 19, 1915, P. L. 543, provides, 'If, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty, within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor.' This obviously means that if there is a breach of contract, it should be made known to the vendor within a reasonable time after the vendee knew or ought to have known of the breach. If we regard the evidence of the telephone conversation and that contained in the letter of August 1st as notice of a breach, we are of opinion the notice was not given within a reasonable time. Plaintiffs ought to have known the condition of the goods before July 15th. This was three months and a half after delivery. We are obliged to say as a matter of law that plaintiffs have failed to comply with the requirements of the statute and cannot hold defendants liable for any loss: Wright v. General Carbonic Co., 271 Pa. 332; Albus v. Toomey, 273 Pa. 303. [Tinius Olsen Testing Machine Co. v. Wolf Co., 297 Pa. 153.]

"For another reason the notice did not meet the requirements of the statute. The telephone conversation of July was not a notice that the blankets delivered were not in accordance with the contract. The only thing plaintiffs did was to ask defendants to go and look at the blankets. There was no assertion that there was anything wrong with them, or if it was it failed to state any particulars. Neither does the letter of August 1st state in what respect there was a failure to deliver in accordance with the contract. That letter merely informs defendants that plaintiffs propose to bring suit for breach of contract, without stating the nature of the breach. Plaintiffs buy goods; they deal with them as their own and ultimately sell them. They ought not to be heard to say that the goods were not those contracted for when they never, from the time of delivery down to the date of the filing of the statement of claim, over two

230

years, informed defendants in what respect there had been a breach of contract."

To this we may add that, where a vendee desires to avail himself of an alleged breach of warranty of quality in a sale of goods, he must, in giving notice of the breach, specify with some reasonable particularity in what it consists.

The court below properly entered judgment for defendants.

The judgment is affirmed.