Kirk Johnson Co., Inc., Appellant, v. Light.

Argued November 11, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*P. Herbert Reigner,* for appellant.

*Max Fisher,* for appellee.

Opinion by Keller, J., December 12, 1930:

Plaintiff's argument in support of its appeal is based largely on the testimony of its own witnesses. But as the verdict of the jury was in favor of the defendant we are obliged to consider all disputed questions of fact to have been settled in his favor, and to give him the benefit of all the evidence favorable to him and all inferences reasonably to be drawn from it.

Regarded from this standpoint, the following facts must be taken as established: On December 14, 1928 the defendant ordered from the plaintiff an auto-electric Victrola, Model 9-54, a combination of radio and automatic phonograph, which was delivered about December 18 or 20, 1928. The contract, which was in writing, expressly guaranteed the instrument for one year against defective material or workmanship, and by an additional clause provided for free repair of any defects within one year. These provisions are

not identical, but give wholly distinct rights.  The instrument was unsatisfactory from the start and in response to complaints of defects the plaintiff within two or three weeks (about January 10, 1929) sent over a mechanic, who tried to remedy the troubles, and continued to do so at brief intervals until the bringing of this action for the balance of the purchase money on July 13, 1929.  Frequent attempts to remedy both the radio and phonograph parts of the instrument proved unavailing and in March, 1929, defendant told the representative, sent by plaintiff to confer with him regarding the instrument, to take it out.  Plaintiff did not do so but continued to try to make it work satisfactorily, installed a new power unit in it and endeavored to remedy the defects, whether of material or workmanship, but failed to do so, and defendant several times refused to pay the balance and ordered the instrument to be removed.  Plaintiff's own witness, the factory technical service representative, testified that he saw the instrument between April 2d and 5th and that it was then in very bad condition; that in the installation of the machine a small switch inside the radio set had been overlooked which caused a strain by the overloading of voltage and that even after he fixed it on that occasion, "there was probably some inherent trouble still in the machine which showed up later."

Defendant gave plaintiff notice of the defects, and full opportunity to remedy them.  He was not bound to rescind the contract and insist on the instrument being removed as long as there was a reasonable likelihood of the plaintiff's being able to overcome the defects, and it desired the chance to do so.  Plaintiff's continual attempts to fix the instrument, conformably to its guaranty, did not deprive defendant of his right to rescind as soon as he was satisfied that it could not be made to work satisfactorily.

The case is not similar in its facts to most of the decisions relied on by appellant, which related to the sale of commodities whose defects or breaches of warranty were at once discoverable and not, like a machine, the subject of adjustment or repair, such as coke (Wright v. Carbonic Co., 271 Pa. 332); blankets (Bodek v. Avrach, 297 Pa. 225); linen (Spiegelberg v. Karr, 24 Pa. Superior Ct. 339); gloves (Ireland v. Refowich, 90 Pa. Superior Ct. 221); tea (Tete Bros. v. Eshler, 11 Pa. Superior Ct. 224); dress goods (Elk Textile Co. v. Cohen, 75 Pa. Superior Ct. 478). The only case cited by appellant, which related to machines or apparatus which did not operate satisfactorily, was Tinius Olsen Co. v. Wolf Co., 297 Pa. 153; and in that case no *complaint* was made for a month after the machine was installed and the judge who tried the case without a jury found all the facts adversely to the buyer; and it was largely on that ground that the decision rested (p. 156).

This case comes rather within the decisions in Montgomery F. & F. Co. v. Hall Planetary Thread Milling Machine Co., 282 Pa. 212; Randall v. Mitchell Motor Car Co., 263 Pa. 425, 427; Rheinstrom v. Elk Brewing Co., 28 Pa. Superior Ct. 519, and kindred cases.

The questions involved were almost wholly those of fact and were found by the fact-finding body adversely to the plaintiff. Whether we would have made the same findings is of no importance.

The assignments of error are overruled and the judgment is affirmed.