## COLUMBIA AXLE CO. v. AMERICAN AUTOMOBILE INS. CO.
### No. 6112.

Circuit Court of Appeals, Sixth Circuit.
Feb. 14, 1933.

William H. Bemis and Arthur C. Denison, both of Cleveland, Ohio (Baker, Hostetler, Sidlo & Patterson, of Cleveland, Ohio, Pruitt & Grealis, of Chicago, Ill., William H. Bemis, of Cleveland, Ohio, and Raymond S. Pruitt, of Chicago, Ill., on the brief), for appellant.

C. M. Horn, of Cleveland, Ohio (Fred J. Perkins and McKeehan, Merrick, Arter & Stewart, all of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The case was tried below to the District Judge, in pursuance of a stipulation waiving a jury. The court made special findings of fact, and entered judgment in favor of the appellee, who was the plaintiff below, for the full amount prayed for in its petition. The defendant appeals.

The facts, sufficiently stated for our purpose, are as follows:

In 1928, the Peerless Motor Car Corporation of Cleveland installed in its current model an assembled front axle unit purchased from the defendant. One of the component parts of the front axle was a steering knuckle king-pin, the purpose of which was to attach the front wheel and steering spindle to the axle. A Peerless sedan containing the axle assembly unit supplied by the defendant was sold on March 4, 1929, to one Michael A. Wolak by a Peerless dealer at Uniontown, Pa. On April 17, 1929, Wolak met with a serious accident while operating the car, and on January 18, 1930, his attorney notified the Peerless Company that the cause of the accident was the breaking of the king-pin, and that examination had shown it to be defective. More detailed information giving car and engine number was supplied Peerless at its request in a letter dated January 24, 1930. On June 4, 1930, Wolak started suit for damages against Peerless in the District Court for the Northern District of Ohio, and after two trials obtained judgment, which was paid by the plaintiff in pursuance of its obligation under a defective parts liability policy which it had issued to Peerless.

On July 3, 1930, one month after the Wolak suit was begun, and nearly six months after notice from Wolak's attorney, Peerless and the plaintiff notified the defendant of the pending action, and requested it to assume its defense as the party ultimately responsible for the defective condition of the king-pin, claimed to have been the cause of the accident. The defendant refused to assume defense or admit liability, and the suit was thereupon defended by the Peerless and its insurer. The latter then sued to recover the amount paid Wolak on the judgment, and its costs of litigation, under its right of subrogation and an assignment of the claim of Peerless against the defendant for breach of warranty.

Of a number of interesting questions presented by the record, it is necessary, in view of our conclusions, to discuss but two. (1) Is section 49 of the Uniform Sales Act (section 8429, Ohio General Code) applicable to the instant case, and, if applicable, was due notice given the defendant of the claimed breach of warranty? (2) If section 49 is applicable, did the defendant by its conduct waive notice?

■ Section 49 of the Uniform Sales Act provides: "But, if after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

It is contended that the obvious purpose of this section is to afford the seller an opportunity of inspecting goods which the buyer still retains in his possession, and which he claims to be defective; that it therefore operates only between the two parties to the sale, and does not apply to a case of resale where the remote buyer claims a latent defect, the existence of which the original buyer denies. We fail wholly to sense the limitation contended for. We are referred to no authorities holding the section to be so limited, and we know of none. Adjudicated cases abound wherein notice of defects constituting breach of warranty have come to the buyer from strangers to the contract, rather than from his own examination and inspection, and that knowledge so acquired places upon the buyer an obligation of reasonable notice to the seller we have little doubt. Levine v. Isler (Sup.) 178 N. Y. S. 7; Lincoln v. Croll, 248 Mass. 232, 142 N. E. 820; Schnitzer v. Lang, 239 N. Y. 1, 145 N. E. 65; Truslow & Fulle v. Diamond Bottling Co., 112 Conn. 181, 151 A. 492, 71 A. L. R. 1142; Federal Oil Co. v. Peoples Oil Co., 179 Minn. 467, 229 N. W. 575; Schram v. Guttenburg (Sup.) 198 N. Y. S. 209; Advance Rumley T. Co. v. Briggs Hardware Co., 202 Mo. App. 603, 206 S. W. 587; Aaron Bodek & Son v. Avrach, 297 Pa. 225, 146 A. 546; Elkus Co. v. Voeckel, 27 Ariz. 332, 233 P. 57. While it may be one purpose of the notice required by the statute to permit the seller to make inspection of the goods, whether in the hands of the vendee or not, it is certainly not its only purpose. "The purpose of the notice," said Judge Learned Hand, "is to advise the seller that he must meet a claim for damages, as to which, rightly or wrongly, the law requires that he shall have early warning." American Manufacturing Co. v. United States Shipping Board, etc., 7 F.(2d) 565, 566 (C. C. A. 2); cf. Truslow & Fulle, Inc., v. Diamond Bottling Co., supra.

■ But it is claimed that the plaintiff had no knowledge of the breach until such knowledge was forced upon it by the judgment of the court in the Wolak Case, and therefore it was not under obligation to notify the defendant under the statute. We are unable to follow this reasoning, or that of the District Judge in drawing a distinction between notice of a claim and notice of a defect. The statute reads: "After the buyer knows, or ought

to know." Is the buyer relieved of the obligation to give timely notice to the seller when he has information of a defect in the merchandise by the fact that he refuses to believe the information reliable? To put such a construction upon the statute would be to vitiate its purpose entirely. Moreover, the Peerless did serve notice upon the defendant a month after the Wolak suit was begun, and long before it was tried. If it then had such knowledge of the breach as is required by section 49, it had equal knowledge thereof on January 18th. The only thing that had transpired in the meanwhile was the beginning of the Wolak suit. It had been informed six months before that such suit would be begun and of the grounds relied upon, and it denied the existence of the claimed defect in the axle not only up to the time of suit, but thereafter up to the time of verdict and judgment.

We come then to the timeliness of the notice. It is generally held that what constitutes a reasonable time within which to give notice to the seller of a breach of warranty is a question of fact for the jury, but where the facts are undisputed, and there is no room for conflicting inferences, the question becomes one of law. Marmet Coal Co. v. People's Coal Co., 226 F. 646 (C. C. A. 6); Liggett Bros. Coal Co. v. Payne, 18 Ohio App. 478. There is here no dispute as to the facts, and the case was tried to the court and not to a jury. It may be taken as axiomatic that what constitutes a reasonable time must be determined from the particular circumstances in the individual case. In Tegen v. Chapin, 176 Wis. 410, 187 N. W. 185, forty-seven days was held to be as a matter of law unreasonable. In Bodek & Son v. Avrach, supra, three and a half months' delay in giving notice was thought unreasonable as a matter of law. It seems to us that the circumstances of this case demand that the vendee should be held to a rather high standard of duty with respect to notice. The Peerless was informed that Wolak was seriously injured, that he had to remain in the hospital for many months, that the injuries were permanent, and that his occupation was that of attorney at law. If the Peerless proposed to seek indemnity from the defendant in case of loss, it must have understood that the loss claimed would be no such trifling sum as represented replacement cost of the king-pin. The damages would be substantial (in fact, Wolak later sued for $100,000). A substantial period had already elapsed since the merchandise was delivered by the defendant. Additional delay might seriously handicap the defendant in making defense, if it undertook to defend the damage suit. The character of the defense involved not merely investigation of the quality and process of manufacture of the king-pin, but detailed investigation as to other possible causes of the accident; a search for witnesses, and so on. Moreover, the defendant was not itself the manufacturer of the king-pin. It is to be assumed that this was known to the Peerless. The defendant would require time to notify its immediate vendor, and in turn give it opportunity to undertake defense and make proper preparation therefor. Again, neither the king-pin, the axle, nor the automobile, were in the possession of the Peerless. It could not be assumed that they would remain in the condition they were in following the accident. Delay would prevent early examination by the defendant. Finally, the Peerless was insured against loss by contract with the plaintiff. Under the terms of that contract it was required to give immediate notice to the plaintiff of loss or accident. The assumption by the plaintiff of defense to the Wolak suit indicates that this was done. It is perhaps not too much to say that the contractual obligation to give notice to the immediate indemnitor must have put the Peerless upon inquiry as to its legal obligation to give notice to the ultimate indemnitor. Taking all of these circumstances into consideration, we are of the opinion that a delay of six months in notifying the vendor of its alleged breach of contract was unreasonable, and, if no other reason compels a contrary decision, this delay must be fatal to the plaintiff's claim.

It is contended that notice was waived, and this is based upon the fact that the defendant at the request of plaintiff's attorneys made metallurgical tests in its laboratory, and furnished the plaintiff with the names of witnesses who appeared in the Wolak case without subpœna. It may be granted that there are circumstances under which a vendor may be held to have waived notice; but we think such circumstances are not present here. The defendant, in answer to the Peerless letter inviting it to undertake the defense of the Wolak case, expressly refused to do so, and denied liability. A waiver by conduct is not lightly to be implied in the face of an express denial of liability, not withdrawn. Moreover, such assistance as the defendant did give was at the express solicitation of the Peerless and the plaintiff, and was beneficial rather than prejudicial to them. It would indeed be a harsh rule were we to hold that a vendor who gives substantial aid to a ven-

dee in a suit against the latter by another, and in compliance with the specific request of the vendee, thereby surrenders a substantial legal right. Moreover, the burden of proof to establish waiver is upon the one who asserts it. Reynolds v. Detroit Fidelity & Surety Co., 19 F.(2d) 110 (C. C. A. 6); National City Bank v. National Security Co., 58 F.(2d) 7 (C. C. A. 6). The District Judge put the burden upon the defendant. His finding that notice was waived must be regarded as unsupported by substantial evidence.

In view of our conclusions it becomes unnecessary to determine whether the proceedings and judgment in the Wolak case are binding upon the defendant on the question of breach of warranty; nor are we required to decide the questions raised as to damages. Judgment below is reversed, and the cause remanded for further proceedings consistent herewith.