# Foreman & Company *v.* Ruyera Lopez Cigar Manufacturing Company, Inc., Appellant.

*Sales—Sales of personal property—Buyer's duty to inspect—Reasonable time—Purchase by broker—Affidavit of defense—Insufficiency.*

In an action of assumpsit on a written contract for the purchase of a quantity of cigars, the affidavit of defense admitted the receipt of the shipments, but averred that they were bought for third persons and that the contents thereof were defective.   There was no allegation in the affidavit of defense that the defendant did not have a reasonable opportunity to examine the cigars, and the contract of sale failed to disclose the fact that the defendant was acting for third parties.

Under such circumstances, it was not relieved from its duty to inspect within a reasonable time, and the affidavit of defense was insufficient.

Argued October 10, 1923.   Appeal, No. 297, Oct. T., 1923, by defendant, from judgment of Municipal Court

462 FOREMAN & CO. *v.* RUYERA LOPEZ MFG. CO., Appel.

of Philadelphia, July T., 1922, No. 937, making absolute rule for judgment for want of a sufficient affidavit of defense in the case of Curvin N. Foreman and Ellen N. Blockinger, trading as C. N. Foreman & Co., v. Ruyera Lopez Cigar Manufacturing Company, Inc., a corporation. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before BONNIWELL, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule.

*Error assigned* was the decree of the court.

*B. F. Winkelman,* of *Fridenberg & Winkelman,* for appellant.—There was no duty on the part of the defendant to inspect: Crunden Martin Mfg. Co. v. Turner, 274 Pa. 425; Slattery v. Carroll, 70 Pa. Superior Ct. 578.

*Samuel W. Cooper,* for appellee, cited: Noble v. Erwin, 50 Pa. Superior Ct. 72; Elzea v. Brown, 59 Pa. Superior Ct. 403; Armstrong v. Descalzi, 48 Pa. Superior Ct. 171; Estes v. Kauffman, 44 Pa. Superior Ct. 114; Werbitsky v. Fisher, 64 Pa. Superior Ct. 284.

OPINION BY TREXLER, J., February 29, 1924:

The court below entered judgment for want of a sufficient affidavit of defense. The plaintiff declared on a written order for 15,000 cigars at $18 per thousand, the order being contained in the correspondence of the parties, which is attached to the plaintiff's statement. The affidavit of defense states that it was specifically agreed in writing that the goods were not for defendant's own use, but that it was merely acting as broker in the trans-

action and the goods were purchased for third parties. It admits the receipt of the goods, but states that the goods were immediately shipped without being opened or examined to two parties therein named. These parties opened and examined the goods and found "upon examination that the cigars failed to conform to the requirements of the contracts between the parties, in that a considerable number of the cigars were afflicted with paste mould or fuzz; some of the said cigars were infested with worms and worm holes, a large portion of the same were wholly deficient in workmanship and manufacture and were inferior in quality and defective in condition and workmanship." The reasons given for the rejection of the goods are not the same as contained in the letter attached to the affidavit of defense, wherein the reasons set forth are that the parties to whom cigars had been sold claimed that they had been "packed too tight in the cans by pulling out they brake and when are out they do not draw freely." Passing the fact that the two reasons given for the rejection are not consistent, and that there is no direct assertion that the cigars were not marketable, we fail to see how this case differs from an ordinary sale of goods in which the duty of inspection devolves upon the purchaser within a reasonable time after receipt of the goods. Nowhere in the affidavit is it alleged that the goods could not have been examined. It may be as in Crunden Martin Mfg. Co. v. Turner, 274 Pa. 425, that "the general custom in the trade was for distributors to deliver such goods to customers in the original packages" but this is not alleged. The defendant claims that plaintiffs knew that the goods were not to be inspected by the defendant for in the first letter which passed from defendant to plaintiffs, the defendant stated it had "several people that would be interested at the above price ($18 per M) but that does not pay for our interest in the matter and probably wait thirty days for payment. At least we are entitled to brokerage. We have sold one case of 10 M and if satisfactory he may

buy the entire lot you have on hand." We do not think that this bears out the contention of the defendant that it was buying these cigars for others as brokers, or rather, that the plaintiffs had notice that such was the case. There is nothing in the letter which shows that defendants were paid a commission for purchasing these cigars and that the real parties to the transaction were the seller and the customers of the defendant and that the plaintiffs knew that the defendant had no duty of inspection in the matter. It alleged this in its affidavit of defense, but the allegation is not borne out by the written contract. It is true the word "brokerage" is used, but in the same connection there is disclosed the fact that the real purchaser is the defendant and that it proposes to exercise ownership over the goods and intends to sell them to its customers on thirty days credit.

The judgment of the lower court is affirmed.