# Crunden Martin Mfg. Co. *v.* Turner, Appellant.

*Contract—Sales—Inspection—Sample—Caveat venditor—Original package—Rescission—Complaint as to quality—Custom—Time—Knowledge of defect—Evidence—Province of court and jury.*

1. The law requires the buyer to exercise due diligence in inspecting goods purchased and in advising the seller of imperfections,

and, where the facts are undisputed, the question as to whether there has been an unreasonable delay is one of law for the court.

2. Where goods are manufactured and shipped by the seller without opportunity on part of the purchaser to inspect until after their arrival, they fall within the rule applicable to sale by sample or description, rather than by inspection.

3. Where goods are sold by sample or description, the rule is caveat venditor, for the duty of selecting and sending the article ordered by description or from sample is on the seller.

4. Under this rule, the buyer is bound to give notice to the seller within a reasonable time after he knew or should have known of the existence of defects in the goods.

5. If the usage and custom of the business deferred examination of the goods in original packages until opened by the buyer's vendee for use in selling merchandise to customers, and the parties contracted with reference to such usage and custom, notice of defects given at such time as the goods are opened and sold in the usual course of trade will be reasonable.

6. In such case the question of delay will then be determined from the date on which the purchaser acquired knowledge in the usual course of business of the quality of the goods.

7. In an action to recover the price of 5,000,000 paper bags delivered in 880 packages, where defendant alleges defect of quality, and plaintiff, delay in notice of such defect, it is reversible error for the court to exclude evidence, in effect, that the goods were for resale in original packages in accordance with a trade custom known to plaintiff, that there was no opportunity for inspection until after the packages had been opened by defendant's customers, and that twelve days after such customers had complained of the goods, defendant had notified plaintiff of the defects.

8. In such case, the evidence should have been received, and the court could then determine whether the evidence was sufficient, if believed, to properly excuse delay, and, if so, submit the case to the jury.

Argued April 12, 1922. Appeal, No. 348, Jan. T., 1922, by defendant, from judgment of C. P. Luzerne Co., June T., 1915, No. 487, on verdict for plaintiff, in case of Crunden Martin Manufacturing Co. v. C. S. Turner, trading as C. S. Turner Company. Before Moschzisker, C. J., Frazer, Simpson, Kephart and Schaffer, JJ. Reversed.

Assumpsit for goods sold and delivered. Before GAR-MAN, J.

The opinion of the Supreme Court states the facts.

Judgment on verdict for plaintiff by direction for $3,117.18. Defendant appealed.

*Errors assigned*, inter alia, were rulings on evidence referred to in the opinion of the Supreme Court, quoting record, and direction of verdict for plaintiff, quoting it.

*W. A. Valentine*, with him *P. F. O'Neill*, for appellant. As the goods in question were ordered in December, 1914, the situation is not affected by the Sales Act of May 19, 1915: Wright v. Carbonic Co., 271 Pa. 332.

As a general rule, the time within which the right to rescind is to be exercised must be computed from the discovery of the fraud or defect and not from the time of sale: Kessler v. Perrong, 22 Pa. Superior Ct. 578; Slattery v. Carroll, 70 Pa. Superior Ct. 578.

Even though defendant had received and used the goods without complaint, if they were in fact not the goods ordered, plaintiff could only recover their market value; and defendant's offer, to prove that "the bags were valueless," etc., was clearly competent testimony amply sufficient to require the submission of the case to the jury: Samuel v. Steel Co., 264 Pa. 190.

*H. B. Gill*, with him *J. F. Shrader* and *J. R. Guckes*, for appellee.—This was not a sale by sample: Roebling's Sons v. A. A. & C. Co., 231 Pa. 261; Am. Home Savings Bank v. Trust Co., 210 Pa. 320.

The question of rescission was properly for the court: Wright v. Carbonic Co., 271 Pa. 332.

OPINION BY MR. JUSTICE FRAZER, June 24, 1922:

Under date of January 5, 1912, plaintiff, a manufacturer of paper bags, entered into a contract with defendant as distributing agent for the exclusive sale to the

latter, for a period of one year, of his "entire requirements" for paper bags, designated by a particular trade name.  Pursuant to the contract, defendant ordered a carload of bags, consisting of 880 bundles, or separate packages, containing in all 5,000,000 bags.  Delivery was made March 5, 1915, and though there was subsequent correspondence between the parties relating to a claim by defendant for allowance of a discount on the amount of the purchase, no complaint was made as to the quality of the goods until May 11, 1915, at which time defendant wrote plaintiff as follows: "It is quite evident from the tone of your letter that you are not familiar with the conditions.  In the first place you haven't lived up to any part of your contract.  Neither are the goods that you shipped what we bought and, furthermore, the original bundles are marked one brand of bags and the contents are a different and very inferior grade of bags, and, furthermore, the small bundles are labeled one brand and have got two or more kinds in the bundle.  In each case inferior and a different kind of bags from what they are labeled.

"If necessary we can have our shipping and stock clerks take affidavit to this effect but we think you are probably ignorant of what is going on in your factory.  Furthermore, the car contained goods that had been rejected by other firms and are not of the brand and quality we bought.

"We cannot and will not ship these goods out to our trade.  We are very anxious to have this settled in an amicable manner and it is up to you to do so.  We make this proposition without prejudicing our position."

While the general tone of this letter might possibly tend to indicate the existence of earlier knowledge on the part of plaintiff concerning the defective quality of the bags, the former correspondence shows merely a dispute relating to the allowance of a discount and we find nothing in the record to show an oral discussion of the alleged defective quality.  The trial judge directed a ver-

dict for plaintiff on the ground of an unreasonable delay in giving notice. From the judgment entered on the verdict defendant appealed.

The sole question raised by the assignments of error is whether the trial judge erred in excluding evidence offered by defendant to show the goods had been ordered by sample for resale and delivery to defendant's customers in original packages and that no opportunity arose to inspect and ascertain their condition until the bags were opened for use by the customer and that upon complaint being received from numerous customers defendant first discovered the defective quality and immediately gave notice to plaintiff. All evidence of this character was rejected. The averments of facts contained in the offer of the testimony of C. S. Turner, a member of defendant firm, which is made the subject of the eleventh assignment of error, illustrate the scope of the rejected evidence. The offer was to show, inter alia, that the bags were intended for shipment and delivery to defendant's customers in original packages and in a number of instances were so delivered without being taken to defendant's place of business; that complaints were received from thirty-three different customers, whose names were given in the affidavit of defense, the first complaint being received April 29, 1915; that because of defects customers refused to pay for the goods in full, nineteen refusing to pay for any portion of their consignment; that defendant promptly investigated and ascertained for the first time that the goods were defective and unmarketable, giving the particulars wherein faulty; that subsequent to the letter of May 11th, above quoted, plaintiff's representative called at defendant's place of business and, upon examination of the remainder of the goods on hand, admitted they were defective and "the worst shipment I have ever seen"; and further, that the general custom in the trade was for distributors to deliver such goods to customers in original packages, which custom

was known to plaintiff at the time of entering into the contract.

The court below justified the rejection of the evidence included in the foregoing offer on the ground that since the goods arrived in March and no complaint as to their quality was made until May, although in the meantime repeated demands for a credit of ten per cent were made without reference to the defective quality of the bags, the delay was an unreasonable one. The court, however, overlooked the offer to show the shipment was for resale in original packages in accordance with the trade custom of which plaintiff had notice and, accordingly, no opportunity was offered to inspect until the packages were opened by the customers and that complaints from customers were not received until April 29th, twelve days before written notice of the defective character of the bags was actually given by defendant. The question before the court below, consequently, was whether a delay of twelve days was unreasonable under all the circumstances. The goods consisted of 5,000,000 separate paper bags put up in 880 bundles. It is inconceivable that the purchaser would be required to perform the physically impossible task of making complete inspection of this quantity of bags and, in view of the complaint that the defects consisted in failure to properly fasten the sides and bottoms and that they were made of defective material and incapable of holding merchandise, we cannot see how these defects could be discovered until each separate package was opened and at least a number of the individual bags examined. The offer was to show that, upon receiving the first complaint from a customer, defendant promptly proceeded to investigate, and that numerous other complaints, thirty-three in all, were received. Under the circumstances, a delay of twelve days from the time of receiving the first notice of imperfect construction by defendant in making an investigation and reporting the result to plaintiff could not be said to be so unreasonable as to justify the court in di-

recting a verdict for plaintiff. Had the evidence been received it might have fallen short of showing adequate excuse for a delay of even twelve days. However this may be, defendant was entitled to an opportunity to produce the testimony included in the offer; and the court was bound to assume the evidence would have supported the offer.

The law in this State requires the buyer to exercise due diligence in inspecting goods purchased and in advising the seller of imperfections and, where the facts are undisputed, the question as to whether there has been an unreasonable delay is one of law for the court: Wright v. General Carbonic Co., 271 Pa. 332, 339, and cases cited. The goods here in question were manufactured and shipped by plaintiff without opportunity on part of defendant to inspect until after their arrival, consequently the case falls within the rule applicable to sale by sample or description rather than by inspection. A clear statement of the law applicable to such sales respectively as it existed before the passage of our Sales Act is found in Fogel v. Brubaker, 122 Pa. 7, where it was said (page 14) : "Sales of personal property are divisible, with reference to the question presented in this case, into two classes, executed and executory. In the first of these, the articles are ordinarily sold upon inspection and the sale is completed by a delivery of the property, made at the time of sale. To this class of sales the rule of caveat emptor is properly applicable. If a warranty is desired by the purchaser he must stipulate for it before the sale is completed, otherwise he will be held to have bought upon his own judgment of the quality and value of the thing purchased. In the second class, the sales are made by sample or by description, the goods not being seen by the purchaser until they have been selected and forwarded by the seller in pursuance of the previous contract or order from his customer. The rule in these cases is not caveat emptor, but caveat venditor, for the duty of selecting and sending the article

ordered by description or from sample is on the seller. The buyer is dependent on his good faith in the premises. If the article selected and forwarded by the seller is not of the kind ordered, or if, being of the kind ordered, it is not merchantable in quality, the buyer may refuse to accept it and give notice to the seller."

Under the above rule defendant was bound to give notice within a reasonable time after he knew or should have known of the existence of the defects. Assuming that plaintiff had information that the goods were to be resold in their original packages to defendant's customers, it is evident that neither of the parties contemplated an inspection immediately upon arrival of the car at its destination. If the usage and custom of the business deferred examination of such articles until opened by defendant's vendee for use in selling merchandise to customers and the parties contracted with reference to such usage and custom, it necessarily follows that a notice of defects given at such time as the goods are opened and sold in the usual course of trade would be reasonable: Doane v. Dunham, 79 Ill. 131. The question of delay would then be determined from the date on which the purchaser acquired knowledge in the usual course of business of the quality of the goods: Slattery v. Carroll, 70 Pa. Superior Ct. 578. For instance, in Levine v. Isler, 178 N. Y. S. 7, it was held that where the custom of the millinery trade was for manufacturers to buy merchandise for from six months to a year in advance for summer trade and to store articles so purchased in the meantime until needed, notice of the defective quality of hats bought in November but not placed on sale until the following April when the packages were opened and the goods examined, was held to have been given within a reasonable time. Upon defendant receiving complaints of defective bags, it became his duty to investigate at once to determine whether he would affirm or disaffirm the contract. He could not subsequently offer the goods for sale and at the same time repudiate

the bargain: Farrington v. Smith, 77 Mich. 550, 552; Kronman & Co. v. Gardella, 190 Mich. 645, 648. Inasmuch as defendant's offer was to show that investigation was made and notice given promptly following the discovery of the alleged defective character of the bags, this testimony should have been received and the court then determine whether such evidence was sufficient, if believed, to properly excuse the delay, and, if so, submit the case to the jury.

Judgment reversed and a venire facias de novo awarded.