## McGlinn, Appellant, *v.* Jackson.

*Contracts—Time of performance—Acceptance—Rescission—Reasonable time for rescission.*

Where time for the performance of a contract is extended from time to time with no intention manifested to hold to literal performance, a party cannot rescind without a demand for strict compliance within a reasonable time after the notice.

After the actual reception of the goods, and the lapse of a reasonable time to examine them and to ascertain their quality, the buyer must be deemed to have accepted them, unless he then promptly exercises his right to reject them. This right must be exercised not only promptly but unequivocally. Mere complaints

as to the quality of the goods, while exercising dominion over them inconsistent with the ownership in the seller, are not sufficient.

What is a reasonable time within which to exercise the right to return is a question of law when there is no controversy as to the fact. When the facts are disputed or when the court is in doubt, the question is for the jury.

Argued October 22, 1925. Appeal No. 223 October T., 1925, by plaintiff from the judgment of the Municipal Court of Philadelphia County, February T., 1924, No. 143, from judgment in favor of the defendant in the case of William J. McGlinn v. William J. Jackson, individually and trading as Jackson Screen Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for money paid. Before RENSHAW, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the defendant in the sum of $261.25 and judgment thereon. Plaintiff appealed.

*Error assigned,* among others, was the refusal of plaintiff's motion for judgment non obstante veredicto.

*Ralph B. Umstead,* for appellant.

*Alvin L. Levi,* of *Levi & Mandel,* for appellee.

OPINION BY PORTER, J., December 14, 1925:

These parties, on April 4, 1923, entered into a written contract whereby defendant agreed to manufacture and install, and plaintiff agreed to pay for, certain window and door screens in plaintiff's residence, the screens to be of certain specifications, all work and material to be of the best and installed by competent workmen "about thirty days after receipt of order." None of the screens were installed until June 18, 1923, when fifty-three were installed and the plaintiff made

a payment on account of the contract. The remaining eight screens were manufactured, ready for delivery, but were not installed. The plaintiff used the screens that were installed until the middle of October, but produced witnesses who testified that complaints were in the meantime made that the screens were defective, and on January 16, 1924, sent the screens back to the place of business of the defendant, asserting the right to rescind the contract. He subsequently brought this action to recover the amount which he had paid on account of the contract. The defendant filed an affidavit of defense averring that the screens had all been manufactured as by the contract required, and that those installed had been properly installed; that the delay in installing the balance of the screens was due to a modification of the specifications, agreed upon by the parties; that the remaining screens were then made in accordance with the change and when they were ready within a reasonable time for installation the plaintiff's residence had been closed for the summer, so that the defendant was obliged to hold the screens subject to plaintiff's notification of when they were to be installed; and that plaintiff refused to permit said remaining screens to be installed. The defendant, in his affidavit, set up a counterclaim for the balance alleged to be unpaid upon the contract price for the screens. The trial resulted in a verdict for the defendant, for the amount of his counter-claim; the court refused the motion of plaintiff for a new trial and entered judgment on the verdict. The plaintiff appeals.

The first assignment of error refers to the refusal of the court to enter judgment in favor of the plaintiff non obstante veredicto. It would clearly have been error for the court below to have entered judgment in favor of the plaintiff notwithstanding the verdict, for the evidence material to every fact upon which the plaintiff asserted a right to recover was conflicting, and

this assignment was abandoned by counsel for appellant upon the argument. The only other assignment of error is to the refusal of the court below to grant a new trial. The argument of the learned counsel for appellant in support of this assignment is based upon two grounds, viz: (1) That the evidence clearly established that the defendant did not comply with his contract to install the screens within "about thirty days after receipt of the order;" (2) That the plaintiff had a right to rescind the contract and recover the amount paid thereon because the evidence so clearly established that the screens were defective that a verdict in favor of the defendant ought not to be permitted to stand. With regard to the first proposition there is no doubt that the defendant failed to install the screens within "about thirty days," but the evidence of the plaintiff, as well as that of the defendant, clearly disclosed that neither of the parties had manifested an intention to hold to literal performance, as to the time of the completion of the work. The plaintiff accepted and used for four months seventy per cent. of the screens, yet not one of the screens was delivered until more than sixty days after the order was accepted. The witnesses called by the plaintiff, and who it was clearly established had the authority to speak for him, testified at the trial that that provision of the contract had been waived. "Where time for the performance of a contract is extended from time to time, with no intention manifested to hold to literal performance, a party cannot rescind without a demand for strict compliance within a reasonable time" after the notice: Riddle Co. v. Taubel, 277 Pa. 96. It is very clear that the plaintiff had no right to rescind the contract because of delay in performance. There was a conflict of evidence upon the questions of whether there were defects in the screens and as to the character of the work done in the installation thereof. The plaintiff had used seventy per cent. of the screens for four months after

they were installed. The defects alleged to have existed in the screens were readily observable and could not have escaped notice. The testimony produced by the plaintiff clearly established that he knew all about the alleged defects shortly after the screens were installed. "After the actual reception of the goods, and the lapse of a reasonable time to examine them and to ascertain their quality, the buyer will be deemed to have accepted them, unless he then promptly exercises his right to reject them. This right must be exercised not only promptly but unequivocally. Mere complaints as to the quality of the goods, while exercising dominion over them inconsistent with ownership in the seller are not sufficient": Tete Bros. v. Eshler, 11 Pa. Superior Ct. 227. Whether or not, in the circumstances, a buyer may accept the goods and retain his right to damages for defects in quality, is another question not distinctly raised by the assignments of error. The buyer is entitled to a reasonable time to inspect the goods for the purpose of ascertaining whether they correspond with the requirements of the contract. What is a reasonable time, in such a case, when the facts are undisputed, is for the court; otherwise, or where the court is in doubt, the question is for the jury: Riddle Co. v. Taubel, supra; Elk Textile Co. v. Cohen, 75 Pa. Superior Ct. 482. Applying these principles to the facts in this case the result must be adverse to the attempt of the plaintiff to rescind the contract because of defects in the screens. He had used the screens for months and was aware of the alleged defects, if such defects existed, and made no attempt to rescind the contract until after the season when the screens were useful was at an end. He might still rely on the warranty and obtain an abatement of the price, because of the defects, but his right to rescind the contract was at an end. The court below would have been warranted in so holding, as a matter of law, and the submission of the question to the jury

562,(1926).]  Opinion of the Court.

was not prejudicial to the cause of the appellant. The case was submitted to the jury in a charge of which appellant does not complain and the verdict was fully warranted by the evidence. There is in this case no ground for holding that the court below abused its discretion in refusing a new trial.

The judgment is affirmed.