## Meguire *v.* Gallagher, Appellant.

*Sales—Merchandise—Rejection—Reasonable time—Affidavit of defense—Counter-claim—Insufficiency.*

An affidavit of defense is insufficient which, averring rejections by retail customers of defendants, fails specifically to set forth the names of such customers and the dates and amounts of credits given for the rejected merchandise.

An affidavit of defense should set forth fully and fairly facts sufficient to show, prima facie, a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasiveness in the mode of statement, it will be insufficient to prevent judgment. General denials and evasive averments in an affidavit of defense are insufficient to prevent judgment.

After the actual reception of goods and the lapse of a reasonable time to examine and to ascertain their quality, a buyer will be deemed to have accepted them, unless he then promptly exercises his right to reject. This right must be exercised not only promptly but unequivocally. Mere complaints as to the quality of the goods while exercising dominion over them, inconsistent with ownership in the seller, are not sufficient.

Argued October 13, 1926. Appeal No. 159, October T., 1926, by defendants from judgment of M. C. Philadelphia County, January T., 1926, No. 1277, in the case of Frank Meguire, Jr., trading as Southern California

Sales Company, v. Hugh F. Gallagher and Joseph A. Gallagher, co-partners, trading as Crown Auto Specialties Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for goods sold and delivered.   Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense and rule to strike off the defendants' set-off and counter-claim.   The Court made absolute the rules. Defendants appealed.

*Errors assigned* among others was the order of the Court.

*A. S. Longbottom,* of *Byron, Longbottom, Pape and O'Brien,* for appellant.

*W. A. Davis,* and with him *Samuel W. Cooper,* for appellee.

OPINION BY CUNNINGHAM, J., March 3, 1927:

This is an appeal by the defendants in an action of assumpsit brought in the Municipal Court of Philadelphia County to recover the price of certain goods purchased from the plaintiff. Rules taken by plaintiff to strike off defendants' set-off and counter-claim and for judgment for want of a sufficient affidavit of defense were made absolute and judgment entered for plaintiff. On August 8, 1924, defendants below, appellants here, who were jobbers of and dealers in automobile supplies and accessories in the City of Philadelphia, gave an order in writing to plaintiff, a manufacturer of various kinds of polishes and cleaners for automobiles, doing business in Pasa-

dena, California, for approximately one hundred cases of different kinds of cleaning fluids, to be delivered at Philadelphia, which order was accepted by plaintiff and the goods shipped August 30, 1924. The price of the goods ordered was $1,005. On May 1, 1925, defendants paid $200 on account and this suit was brought for the balance of $805 with interest.

In reply to plaintiff's statement of claim defendants filed an affidavit of defense containing a set-off or counter-claim for $451.25. The only question involved under the assignments of error is whether the court below erred in making absolute the rules above mentioned and entering judgment for the amount of plaintiff's claim. The receipt of the goods in the latter part of October, 1924, is admitted in the affidavit of defense and the defenses therein set up may be thus summarized: It is averred that defendants were induced to give the order by representations of plaintiff's "duly authorized representative and agent" to the effect that he had taken a number of orders for such goods from customers throughout the City of Philadelphia, which orders would be filled by defendants and that the cleaners would efficiently clean and polish automobiles; but when defendants attempted to deliver said orders it was found that they had not in fact been given and defendants later discovered that the merchandise "was not proper and fit for the purposes intended." The affidavit however contains no specific averments with respect to the scope of the authority of plaintiff's salesman, nor are the names of any of the persons to whom defendants attempted to deliver the orders given. It is further averred that the "quality and effects" of the use of the merchandise "could not be reasonably ascertained until it had been sold by them [defendants] to their dealers and by their dealers in turn to the general public, whereupon numerous complaints were made by the public and by said dealers, whereupon

defendants gave notice that said merchandise was defective to plaintiff under date of December 2, 1924, and thereafter did repeatedly make complaint thereof.'' It is also stated that on or about January 22, 1925, defendants offered to return the unsold merchandise to plaintiff but plaintiff refused to accept same. The affidavit fails to set forth the names of any dealers or purchasers alleged to have made complaint, and the amount of the unsold merchandise is not specified. It is further averred that the payment on account of $200 was made for the purpose of avoiding litigation and represents approximately the price of the merchandise which defendants had then sold and that defendants still had on hand merchandise in excess of the sum sued for "which is being held subject to the order and direction of plaintiff.'' There is no averment of an unequivocal rejection within a reasonable time after discovery of the alleged defects. On the contrary it is admitted that after the complaints with respect to the quality of the merchandise had been made and the offers to return made and refused by plaintiff, namely, under date of February 23, 1925, defendants wrote plaintiff a letter in which they referred to the account claimed by plaintiff and said "We had anticipated taking care of this around the end of this month.'' After explaining that collections had been difficult but that defendants were making arrangements to put additional capital in their business, they said "We expect these arrangements to be completed about the 15th of next month, and at that time we expect to be in position to take care of your account.'' The set-off and counter-claim of defendants consisted of two items: One for anticipated profits upon the merchandise in the amount of $251.25; and the other for $200 worth of credits which the defendants allege they were compelled to allow dealers to whom they sold the merchandise. No names of such dealers, or dates or amounts of such credits, are given.

The only writing in the case, the order, contains no warranty of any kind with respect to the goods ordered and the sale being by description the only implied warranty is "that the goods shall be of merchantable quality" (section 15, Act of May 19, 1915, P. L. 543, 547). In Tete Bros. v. Eshler, 11 Pa. Superior Ct. 224, 227, former President Judge RICE, speaking for this court and with respect to a sale by description, said "After the actual reception of the goods, and the lapse of a reasonable time to examine them and to ascertain their quality, the buyer will be deemed to have accepted them, unless he then promptly exercises his right to reject them. This right must be exercised not only promptly but unequivocally. Mere complaints as to the quality of the goods, while exercising dominion over them inconsistent with ownership in the seller, are not sufficient." We held in Spiegelberg v. Karr, App., 24 Pa. Superior Ct. 339, 342, that "What is a reasonable time or undue delay where the facts are not disputed is a question of law to be determined by the court." The averments of the affidavit of defense show that the defendants had notice prior to December 2, 1924, of the alleged defective quality of the merchandise but there is nothing in the letter of February 23, 1925, indicating a rejection. It has been repeatedly held that "An affidavit of defense should set forth fully and fairly facts sufficient to show, prima facie, a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasiveness in the mode of statement, it will be insufficient to prevent judgment": Andrews, App., v. Blue Ridge Packing Co., 206 Pa. 370, 372. General denials and evasive averments in an affidavit of defense are insufficient to prevent judgment (Fulton Farmers Ass'n. v. Bomberger, App., 262 Pa. 43; Franklin Sugar Refining Co. v. Hanscom Bros., 273 Pa. 98; Buehler, App., v. United States Fashion Plate Co., 269 Pa. 428) because they do

not meet the requirements of the 8th section of the Practice Act of May 14, 1915, P. L. 483. Referring to the defendants' counter-claim we may observe that they then had the affirmative of the issue and allegations of set-off in general terms are not to be regarded: Loeser v. Erie City Rag Warehouse, 10 Pa. Superior Ct. 540. Tested by these principles the affidavit of defense and statement of the counter-claim were clearly insufficient and the assignments of error to the making of the rules absolute are therefore dismissed.

Judgment affirmed.