# Ireland Brothers, Appellants, *v.* Refowich Brothers.

*Sales—Merchandise—Rejection because of unsatisfactory quality
—Reasonable time.*

In an action of assumpsit for the price of a consignment of gloves
sold in September and November respectively, it was proved that
the defendant retained the shipment until December, when it
sought to keep some of the merchandise and to return the rest, be-
cause the quality did not comply with the alleged guarantee.

*Held:* That defendant could not retain part and reject part, and
that there had been an unreasonable delay in seeking to rescind the
sale.

After the actual reception of the goods and the lapse of a rea-
sonable time to examine them and to ascertain the quality, the
buyer would be deemed to have accepted them, unless he promptly
exercised his right to reject them. This right must be exercised
not only promptly, but unequivocally. What is a reasonable time
in such case, where the facts are undisputed, is ordinarily a ques-
tion for the court.

Argued December 8, 1926. Appeal No. 304, October
T., 1926, by plaintiffs from judgment of C. P. Schuyl-
kill County, January Term, 1922, No. 336, in the case
of John S. Ireland and—Ireland Trading as Ireland
Brothers v. Moe Refowich, Isaac Refowich and Jacob
Refowich, trading as Refowich Brothers. Before
PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and
CUNNINGHAM, JJ. Reversed.

Assumpsit for goods sold and delivered. Before
BECHTEL, J.

The facts are stated in the opinion of the Superior
Court.

The jury rendered a verdict in favor of the defend-
ant. Plaintiff appealed.

*Error assigned* was in refusing plaintiffs' motion
for judgment non obstante veredicto.

*Joseph W. Moyer,* and with him *L. E. Enterline,* for
appellants.

*Harry O. Haag,* and with him *J. A. Noecker,* for appellee.

OPINION BY HENDERSON, J., March 3, 1927:

The plaintiff brought this action to recover a balance due on the sale of two consignments of gloves bought by the defendants. The first bill was dated September 27, 1920, for $472.50, and the second, November 5, 1920, for $245.96. The goods were received by the defendant and placed on sale in their store. On the 16th of November, they returned a part of the merchandise of the value of $200 for the reason that the gloves were not "up to standard." They subsequently paid $128.33 on account and on December 12, 1920, they shipped to the plaintiffs the balance of the gloves on hand alleging that they were not of the quality they bought. The plaintiffs refused to receive and credit the defendants with gloves last returned. The objection to the quality of the merchandise was that some of the gloves were off color and the seams ripped in others. These defects were brought to the attention of the defendants within a few days after the gloves were received. It may be concluded from the evidence that no inspection of them was made when they were delivered, but that the colors were observable when the packages were opened. Both with respect to color and the condition of the sewing the attention of the defendants was brought to the subject within a few days after they received the goods and commenced to sell them. The only objection stated with respect to the lot returned on the 16th of November was that the color was not satisfactory. There were nine or ten different styles or sizes of the gloves and nearly two months had elapsed before the first return was made. The second lot were returned more than two months after they were received and long after sales had been made from different packages. The right to return was claimed on the

understanding of one of the defendants as disclosed in his testimony that there was an implied guaranty. His view is exhibited in the following quotation from his testimony:

"Q. You said a while ago they were guaranteed?

"A. Well, it is understood. Understand, we don't have to be told that merchandise must be guaranteed. I don't mean, understand, a guarantee though that way. You see, the salesman, when we purchase merchandise, it is not necessary for us to ask the salesman whether this is guaranteed. It is understood that it must be satisfactory or it goes back. That is the understanding.

"Q. That is the understanding in connection with all orders?

"A. Usually, that is, in a great many cases; that is, if not up to standard."

It is evident that the witness relied on an implied warranty of the merchandise. Something was said about a sample being exhibited, whether of each variety or of the various colors does not appear, nor does the testimony disclose the quality of the samples. It is in evidence without contradiction however that the defendants selected from the goods delivered to them such portions as they desired to keep and late in the season sent back the remainder.

It is not alleged that there was an express contract between the parties that the defendants might return portions of the property, and while the vendors did accept the portion of the goods returned on November 16th, there arose no obligation from such action to accept further returns. It was the duty of the defendants on receipt of the goods to examine them within a reasonable time for the purpose of ascertaining their quality with respect to the terms of their contract, and the right of rescission arose when they were put on notice of defects arising from such

inspection, and the rescission must have been of the entire contract. They could not select from the whole bulk of the property purchased that which was the best and return the balance. If not satisfactory the merchandise should have been put at the disposal of the plaintiffs absolutely. If the contract was not to be carried out, the plaintiffs had the right to be put in statu quo. It is manifest that in so large a quantity of gloves there would not be an identity of quality. They were made of leather of varying strength and weight as is admitted by the defendant who testified. The implied warranty of quality therefore as applied to such merchandise relates to the general quality of the property. This the defendants understood. If, with this understanding, they were dissatisfied with the merchandise sent them, they should have acted with reasonable promptness in rescinding the contract. That they had prompt notice of defects alleged is admitted, and while it may be that the strength of the seams might not be disclosed by a casual inspection, that quality of the gloves was brought under their observation within a few days. They proceeded with sales however until December 12th, without objection apparently, except as to the gloves the color of which was not satisfactory and which were returned on the 16th of November. The duty to act with promptness in case of a rescission of such a contract, is clear and the necessity of tendering a rescission of the whole contract has been repeatedly declared. It was said in Buffington v. Quantin, 17 Pa. 310, that a vendee who receives the thing into his possession before he has become acquainted with its qualities, has, if dissatisfied, but one of two courses to pursue; either to return it and claim a deduction, or reject it and attempt to rescind the contract. The same principle was discussed and applied in the following cases: Estes v. Kaufman, 44 Pa. Superior Ct. 114; Elzea v. Brown, 59 Pa. Su-

perior Ct. 403; Elk Textile Co. v. Cohen, 75 Pa. Superior Ct. 478, and McGlinn v. Jackson, 86 Pa. Superior Ct. 562. It was said by Judge RICE in Tete Brothers v. Eshler, 11 Pa. Superior Ct. 224, that "after the actual reception of the goods, and the lapse of a reasonable time to examine them and to ascertain their quality, the buyer will be deemed to have accepted them, unless he then promptly exercises his right to reject them. This right must be exercised not only promptly, but unequivocally." What is a reasonable time in such a case where the facts are undisputed is ordinarily a question for the court: Riddle Co. v. Taubel 277 Pa. 96; Elk Textile Co. v. Cohen, supra; McGlinn v. Jackson, supra. Considering the character of the property involved, we think there was an unreasonable delay in the attempt to effect a rescission of the contract even if there had been a return of the whole bill of goods. On both grounds therefore the failure to rescind in toto, and the unreasonable delay in asserting a rescission, the defendants failed to introduce a successful defense. The plaintiffs were entitled therefore to judgment non obstante veredicto.

The judgment is reversed and judgment is now entered for the plaintiffs.