Industrial Rayon Corporation, Appellant, *v.*
Caplan.

Argued October 29, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

416

418

*Clarence D. Becker,* of *Becker & Ehrgood,* for appellant

*Eugene D. Siegrist,* for appellee.

PER CURIAM, February 26, 1937:

On the argument of this appeal the appellant, plaintiff, did not press its motion for a new trial. It rested its case on its right to judgment non obstante veredicto. The opinion of the learned President Judge of the court below,—so far as it bears on the present controversy—is printed in the reporter's statement and fully justifies the action of the court assigned for error. The difference between complaints of dissatisfaction, averred in general terms in an affidavit of defense, (See *Spiegelberg v. Karr,* 24 Pa. Superior Ct. 339, 341; *Werbitsky v. Fisher,* 64 Pa. Superior Ct. 284, 287; *Meguire v. Gallagher,* 89 Pa. Superior Ct. 576, 580, and similar cases relied on by appellant), and definite evidence, on the trial, of meetings and conversations with the seller's vice president and other named representatives, in which the breach of warranty relied on was pointed out and the seller was told to take back the rayon yarn not manufactured into coat linings, is manifest.

*Kirk Johnson & Co. v. Light,* 100 Pa. Superior Ct. 425, and the cases cited therein are authority for the proposition that the defendant was not required definitely to rescind the contract as long as plaintiff was endeavoring to remedy the buyer's complaint; and *Moskowitz v. Flock,* 112 Pa. Superior Ct. 518, 171 A. 400, supports the buyer's right to rescind, although a part of the yarn had been manufactured into linings, where the defect in taking the dye could not be discovered until the goods were manufactured.

The judgment is affirmed.