## Comfort Springs Corporation *v.* Allancraft Furniture Shop, Inc., Appellant.

Argued March 22, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Charles W. Eaby,* for appellant.

*F. Lyman Windolph,* with him *Windolph & Johnstone,* for appellee.

OPINION BY FINE, J., July 15, 1949:

Comfort Springs Corporation, appellee, instituted this action in assumpsit against Allancraft Furniture Shop, Inc., appellant, to recover a balance due and owing for merchandise sold and delivered. The defense interposed was that the buyer had rescinded the contract because of a breach of warranty by the seller. At the conclusion of the testimony the court below directed the jury to return a verdict for the appellee in the sum of $1,284.44 on the ground that the buyer, as a matter of law, was guilty of unreasonable delay in attempting to rescind the contract. Appellant's motion for a new trial was overruled by the court en banc, judgment entered on the verdict and this appeal followed.

The sole question for our determination is whether the seller, by conducting certain negotiations to effect an amicable adjustment of the buyer's complaints, thereby extended the time within which the buyer could elect to rescind for an alleged breach of warranty before he was "deemed to have accepted the goods." We are all of one mind that no such extension was effected and that the court below did not err in so concluding as a matter of law. The judgment will be affirmed.

On December 21, 1946, appellant, in writing, ordered 25 crates or 400 sets of sofa beds from appellee and on January 8, 1947, 192 of these sets were shipped to the appellant and received by it on January 10, 1947. The beds were not crated but were bound together with bands or straps. Payment of the contract price was resisted on the ground the beds were not as warranted, namely, that the sets ". . . were constructed with basic wire, instead of tempered wire." Although appellant

concedes the alleged defects were immediately discoverable, the merchandise was not examined or inspected by it for at least one month after delivery. It was not until March 27, 1947, or approximately ten weeks after delivery that appellant attempted to rescind the contract of sale and to return the merchandise to the seller.

Section 69 of The Sales Act of 1915, P. L. 543, 69 PS 314, provides that where the goods have been delivered to the buyer he must notify the seller within a reasonable time of his election to rescind. Section 48 of The Sales Act, supra, 69 PS 258, provides in part that, "The buyer is deemed to have accepted the goods . . . when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them."

Appellant does not challenge the foregoing rules and candidly concedes that if, in the instant case, the period of time within which appellant should have acted to rescind begins to run from the date of delivery (January 10, 1947) then ". . . the discovery of said alleged defects and conveying that information to the seller were not made within a reasonable time after delivery" and if that were the entire case then ". . . the trial judge's rulings would have been correct."

Appellant contends however that because certain negotiations were conducted by the parties allegedly looking to a compromise of their difficulties, that thereby computation of the ". . . 'reasonable time' began not at delivery but at the termination of [these] negotiations." Appellant points to the fact that a salesman of the seller called on appellant at an indefinite time, which was more than thirty days after the delivery and before March 27, 1947, date of attempted rescission, discussed the complaints and offered a reduction in the contract price of one dollar per unit, or $192.00, and a supply of steel braces or supports for the sofas, which offer was refused by the appellant. There is not a scintilla of

evidence that this agent of appellee had any authority, actual or apparent, to modify or change the terms and conditions of the purchase order. Cf. *Schroeder Bros. v. Sabelli*, 156 Pa. Superior Ct. 267, 40 A. 2d 170. Moreover, as observed, the date of the negotiations is most indefinite. It is certain the negotiations took place more than thirty days after delivery of the sofas but it is very uncertain whether they antedated two letters sent by the buyer to the seller. In one letter, (March 4, 1947, nearly two months after delivery) the buyer made no complaint about the quality of the goods and in the other (March 21, 1947, six days before the attempted rescission) the appellant-buyer expressed appreciation for past coöperation and requested indulgence for a short time longer to make payment. The difficulty with appellant's position therefore is that his proofs are vague, indefinite or incompetent, and utterly fail to substantiate any waiver of rights on the part of the seller. On the contrary the evidence completely negatives a finding that a waiver was intended or that the seller thereby intended to relinquish a known right to the purchase price. Such negotiations can, at most, be considered nothing more than an overture to secure prompt adjustment of a just debt and to avoid possible litigation.

As the testimony clearly discloses that the defects complained of were readily ascertainable by inspection (which factor distinguishes this case from those relied upon by the appellant: *Industrial Rayon Corporation v. Caplan*, 125 Pa. Superior Ct. 414, 418, 190 A. 185; *Kirk Johnson Co. v. Light*, 100 Pa. Superior Ct. 425) and that no such inspection by the buyer was made for a period of more than thirty days, there was inordinate delay of notification of rescission. Such delay was concededly unreasonable and must be deemed an acceptance of the goods by the buyer and a vesting of title to the merchandise in it. In *Tete Bros. v. Eshler*, 11 Pa.

Superior Ct. 224, 227, this Court said: "After the actual reception of the goods, and the lapse of a reasonable time to examine them and to ascertain their quality, the buyer will be deemed to have accepted them, unless he then promptly exercises his right to reject them. This right must be exercised not only promptly but unequivocally. Mere complaints as to the quality of the goods, while exercising dominion over them inconsistent with ownership in the seller, are not sufficient." Cf. *McGlinn v. Jackson,* 86 Pa. Superior Ct. 562; *Meguire v. Gallagher,* 89 Pa. Superior Ct. 576.

In *Tinius Olsen Testing Machine Co. v. Wolf Co.,* 297 Pa. 153, 146 A. 541, it was held that where the breach of warranty is one that is undeniably discoverable, a delay of one month in giving notice of the breach was an unreasonable one. In *Foell Packing Co. v. Harris,* 127 Pa. Superior Ct. 494, at page 500, 193 A. 152, it was said: "It has been held in numerous cases that the buyer's rights to reject goods must be exercised promptly and unequivocally and that complaint as to quality while exercising dominion over the goods is not rejection of the goods . . . It has also been held in numerous cases, that the buyer must exercise due diligence in inspecting goods purchased and in advising the seller of any imperfections, and that the question as to whether there has been an unreasonable delay in notifying the seller of the defects is, where the facts are undisputed, ordinarily a question of law for the court: Crunden Martin Mfg. Co. v. Turner, 274 Pa. 425, 118 A. 365; Ireland Bros. v. Refowich Bros., 90 Pa. Superior Ct. 221." *Truscon Steel Co. v. Fuhrmann & Schmidt Brewing Company,* 327 Pa. 10, 13, 192 A. 679.

We conclude therefore that the court below properly directed a verdict for the appellee. The assignments of error are without merit and are therefore overruled.

Judgment affirmed.