ROBERT W. PROBST, Plaintiff-Respondent,
v.
PETER CHEN, D/B/A CHEN'S EQUIPMENT, AND GLOBAL MEDICAL EQUIPMENT, INC., Defendants-Appellants.
No. 03-2388.
Court of Appeals of Wisconsin.
Opinion Filed: April 20, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 CANE, C.J.
Peter Chen, d/b/a Chen's Equipment, and Global Medical Equipment, Inc., (collectively "Chen") appeal a judgment awarding Robert Probst $15,000 for breach of contract. Chen argues the trial court erred by finding and awarding damages for misrepresentation and by disregarding the contract's Pennsylvania choice of law provision. We affirm the judgment.

BACKGROUND
¶2 Probst is a broker of medical equipment in Greenville, Wisconsin. Chen also buys and sells medical equipment, specializing in imaging equipment including CAT scanners. Chen's business is located in Pennsylvania. On February 6, 2002, Probst contracted with Chen to buy a CAT scanner for $45,000. The contract contained a warranty provision that stated:
The system is sold in "as is where is" condition with no warranty expressed and implied. But if the unit is not made in 1999 and/or the tube replaced longer than 8 months old. [sic] Seller will refund the payment immediately or renegotiate price with buyer at buyer's choice.
The contract also contained a choice of law provision that reads: "This agreement shall be governed by and construed in accordance with the laws of the commonwealth of Pennsylvania."
¶3 The scanner was located in Illinois. On February 8, Probst sent two people to pick up the scanner and bring it back to Wisconsin. The workers did not inspect the scanner to ensure it complied with the warranty provision. The scanner arrived at Probst's warehouse the next morning, and Probst inspected it only to find it was manufactured in 1997, not 1999, and that the tube was replaced longer than eight months ago. Probst called Chen to inform him of the problem and exercised his rights under the contract by demanding that Chen return his money. Chen refused, claiming Probst should have inspected the unit before he brought it back to Wisconsin. Probst did not have any buyers lined up for the scanner, but eventually sold it for $50,000.
¶4 Probst sued Chen for, among other claims, breach of contract, indicating he would have only paid $30,000 for a 1997 scanner. After a two-day court trial, the court found that Chen breached the warranty and awarded Probst $15,000 in damages. Chen appeals.

DISCUSSION
¶5 Chen first argues the trial court erred by awarding damages for misrepresentation. However, Chen agrees that Probst pled breach of contract as well as misrepresentation, and that the trial court awarded damages without specifying what claim on which the award was based. Chen contends that "[a]ssuming the trial court's findings are based on misrepresentation, the findings are clearly erroneous." After reviewing the record, we are satisfied that the court found Chen breached the contract's warranty and awarded damages on this claim. We further conclude this finding is not clearly erroneous. See WIS. STAT. § 805.17(2).[1]
¶6 It is undisputed the contract contained a warranty requiring Chen to refund Probst's money or renegotiate the purchase price if the scanner was not made in 1999 or its tube was replaced longer than eight months ago. It is also undisputed that the scanner was not made in 1999, but rather was made in 1997, and that the tube was replaced longer than eight months ago. However, whether the warranty was breached requires us to consider Chen's third argument: whether the trial court erred by disregarding the contract's choice of law provision.
¶7 Because the contract contained a Pennsylvania choice of law provision, Chen cites 13 PA. CONS. STAT. § 2513(a), which states:

Unless otherwise agreed and subject to subsection (c), where goods are tendered or delivered or identified to the contract for sale, the buyer has a right before payment or acceptance to inspect them at any reasonable place and time and in any reasonable manner. When the seller is required or authorized to send the goods to the buyer, the inspection may be after their arrival. (Emphasis added.)
¶8 In rendering its decision, the trial court acknowledged the choice of law provision, but looked at the contract's warranty and the "unless otherwise agreed" language in 13 PA. CONS. STAT. § 2513 and concluded:
Well, the contract is otherwise agreed. The contract provides that the CT scanner was manufactured in March of 1999, and the contract also provides that the seller will refund the payment immediately or renegotiate the price with buyer at buyer's choice.
To the Court's understanding, that means that the buyer on that particular issue, the 1999 equipment, was not subject to the UCC. He had contracted that particular term. It was not subject to inspection. He was not obligated to make an inspection to make sure it was a 1999. He had provisions in the contract that said that it was. He had a provision that would allow him to renegotiate the price with the buyer.
Contrary to Chen's assertion, the trial court did not disregard the choice of law provision. Instead, it interpreted the statute and construed the contract in a manner that led it to conclude the statute did not apply. In essence, Chen's argument is that the trial court erred by coming to this conclusion.
¶9 However, Chen has not constructed an argument using Pennsylvania law relating to the interplay of warranties and 13 PA. CONS. STAT. § 2513. Instead, he simply argues § 2513 imposed a duty on Probst to inspect the goods at a reasonable place and time in a reasonable manner. He directs us to Comfort Springs Corp. v. Allancraft Furniture Shop, 67 A.2d 818 (Pa. Super. 1949), where the Superior Court of Pennsylvania construed the Sales Act of 1915 as requiring a buyer to exercise due diligence to inspect goods and holding that where alleged defects are immediately discoverable, it is unreasonable delay for a buyer to not exercise his or her right for inspection immediately.
¶10 Chen's argument misses the point of whether a warranty satisfies the "unless otherwise agreed" language in 13 PA. CONS. STAT. § 2513. In other words, Chen has not adequately advocated how Pennsylvania law requires a different result. Because he has not developed this argument, we will not develop it for him in order to resolve the issue. See State v. Pettit, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we may decline to review an issue inadequately briefed).[2]
¶11 Thus, we return to Chen's first argument. It is undisputed the contract warranted the scanner was made in 1999 and that the tube was not more than eight months old. Nothing in the contract required Probst to inspect the scanner because it was warranted to be in a specific condition that it was not in. When Probst learned of this the day after he picked up the scanner, he immediately notified Chen and requested his money back only to have Chen refuse.[3] In view of these facts, the trial court's finding that Chen breached the warranty is not clearly erroneous.

II. DAMAGES
¶12 Chen argues the trial court erred by awarding Probst damages based on a "benefit of the bargain" theory because there was no misrepresentation, no tort claim was pled, and no damages were established. We reject Chen's argument.
¶13 We "must sustain a damage award if there is any credible evidence that under any reasonable view supports it and removes the issue from the realm of conjecture." Kersten v. H.C. Prange Co., 186 Wis. 2d 49, 59-60, 520 N.W.2d 99 (Ct. App. 1994). We have already concluded the trial court found Chen breached the contract's warranty and that this was not clearly erroneous. The court then proceeded to award damages based on that finding. "Damages for breach of contract need not be ascertainable with absolute exactness or mathematical precision. The evidence is sufficient if it enables the fact-finder to make a fair and reasonable approximation." Id. (citations omitted).
¶14 13 PA. CONS. STAT. § 2714(b) states, "The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." Here, the trial court found, based on Probst's testimony, that a 1997 scanner was worth $30,000. Thus, because Probst sold the scanner for $50,000, he should have made $20,000 in potential profit from the sale. However, because he paid $45,000 for the scanner, he only made $5,000 actual profit. Therefore, Probst suffered damages of $15,000. There is credible evidence to sustain the award.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] 13 PA. CONS. STAT. § 2513 is nearly identical to WIS. STAT. § 402.513(1). Both statutes contain the "unless otherwise agreed" language. In Wisconsin, a warranty is "an assurance by one party to a contract of the existence of a fact upon which the other party may rely." Dittman v. Nagel, 43 Wis. 2d 155, 160, 168 N.W.2d 190 (1969). The purpose of a warranty is "to relieve the promisee of any duty to ascertain the fact for himself, and amounts to a promise to indemnify the promisee for any loss if the fact warranted proves untrue." Id. (emphasis added). Thus, in Wisconsin at least, even if § 402.513(1) imposed an affirmative duty on the buyer to inspect goods, a warranty would negate this obligation.
[3] Chen indicates he offered to buy the scanner back for $5,000 more than the purchase price. However, in finding Chen breached the contract, the trial court was not persuaded by his account. The trial court as fact finder "resolve[s] questions as to the weight of testimony and the credibility of witnesses." State v. Hughes, 2000 WI 24, ¶2 n.1, 233 Wis. 2d 280, 607 N.W.2d 621. Thus, its finding is not clearly erroneous.